## POUNDS *v.* UNITED STATES.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE
. NORTHERN DISTRICT OF ALABAMA.

No. 298. Submitted May 6, 1898. — Decided May 23, 1898.

An indictment under Rev. Stat. § 3296, for the concealment of distilled spirits on which the tax has not been paid, removed to a place other than the distillery warehouse provided by law, which charges the performance of that act at a particular time and place, and in the language of the statute, is sufficiently certain.

When there is nothing in the record to show that the jury in a criminal case separated before the verdict was returned into court, and the record shows that a sealed verdict was returned by the jury by agreement of counsel for both parties in open court, and in the presence of the defendant, the verdict was rightly received and recorded.

THE indictment under which the defendant (plaintiff in error) was tried contained fifteen counts. He was convicted on the sixth count, which read as follows:

"The grand jurors aforesaid, upon their oaths aforesaid, do further present, that, at the time and place and within the jurisdiction aforesaid, the said George Pounds unlawfully did conceal and aid in the concealment of distilled spirits on which the tax had not been paid, which said spirits had been removed to a place other than the distillery warehouse provided by law, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States."

The count was drawn under section 3296 of the Revised Statutes, which provides that —

"Whenever any person removes, or aids or abets in the removal of any distilled spirits on which the tax has not been paid, to a place other than the distillery warehouse provided by law, or conceals, or aids in the concealment of any spirits so removed, or removes, or aids or abets in the removal of any distilled spirits from any distillery warehouse or other warehouse for distilled spirits authorized by law, in any manner other than is provided by law, or conceals, or aids

in the concealment of any spirits so removed, he shall be liable to a penalty of double the tax imposed on such distilled spirits so removed or concealed, and shall be fined not less than two hundred nor more than five thousand dollars, and imprisoned not less than three months nor more than three years."

After the verdict, and before the judgment, the plaintiff in error filed his motion in arrest of judgment, as follows:

" Now comes the defendant after the rendition of the verdict of the jury finding him guilty as charged in the sixth count of the indictment and before judgment and sentence, and moves the court to arrest the judgment in this case, upon the ground that the sixth count of the indictment is too vague and uncertain to authorize a judgment and sentence against the defendant."

Afterwards an amended motion in arrest of judgment was filed, as follows:

" By leave of the court first had and obtained the defendant amends his motion in arrest of judgment by adding the following grounds:

" First. The said sixth count of the indictment fails to show that there was a warehouse provided by law to which the spirits alleged to have been concealed should have been removed.

" Second. That the jury separated before the verdict of the jury was returned into court."

The overruling of this motion was assigned as error.

*Mr. J. A. W. Smith* for plaintiff in error.

*Mr. Assistant Attorney General Boyd* for defendants in error.

Mr. Justice McKenna, after stating the case, delivered the opinion of the court.

Section 3271 of the Revised Statutes provides that " every distiller shall provide, at his own expense, a warehouse; to be

situated on and to constitute a part of his distillery premises, and to be used only for the storage of distilled spirits of his own manufacture until the tax thereon shall be paid; . . . and such warehouse, when approved by the Commissioner of Internal Revenue on report of the collector, is hereby declared a bonded warehouse of the United States, to be known as a distillery warehouse, and shall be under the direction and control of the collector of the district and in charge of an internal revenue storekeeper assigned thereto by the Commissioner."

Section 3287 provides that all distilled spirits shall be drawn from the receiving cisterns into casks of a designated capacity and the quantity of spirits marked thereon, " and shall be immediately removed into the distillery warehouse," and stamps designating the quantity of spirits shall be applied thereto.

Other sections provide that no distilled spirits upon which the tax has been paid shall be stored or allowed to remain on any distillery premises, and such spirits found in a cask containing five gallons or more without having the stamp required by law shall be forfeited.

To secure the enforcement of this provision, section 3296 was enacted.

Plaintiff in error says:

" It seems clear that section 3296 of the Revised Statutes intended to provide a punishment for a distiller who had complied with the various provisions of chapter four of the Revised Statutes, and had provided a warehouse as required by section 3271, and then concealed or aided in the concealment of distilled spirits which had been removed, the tax not having been paid, to a place other than the distillery warehouse so provided."

And it hence claimed that the indictment is too uncertain to sustain the judgment, because it does not inform the defendant that a warehouse was provided in which the spirits which he is charged to have concealed should have been stored until the tax was paid. Undoubtedly, the statute was intended to punish a distiller who violated its provisions. It was also intended to punish any one else who did, and the

offence could be committed by a removal of spirits from the premises before storage in the distillery warehouse or by concealment of the spirits so removed. And it is this concealment which the indictment charges, and it sufficiently alleges the existence of a warehouse. It also alleges that the tax had not been paid. The offence was purely statutory. In such case it is generally sufficient to charge the defendant with acts coming within the statutory description in the substantial words of the statute without any further expansion of the matter. *United States* v. *Simmons*, 96 U. S. 360; *United States* v. *Britton*, 107 U. S. 655.

One of the acts which is made an offence by section 3296 is the concealment of distilled spirits on which the tax has not been paid, removed to a place other than the distillery warehouse provided by law. The indictment charges in the language of the statute the performance of that act at a particular time and place. It was therefore sufficiently certain.

As to the second ground of motion in arrest of judgment, it is enough to say that there is nothing in the record to show that the jury separated before the verdict was returned into court, but the record does show that a sealed verdict was returned by the jury by agreement of counsel for both parties in open court and in the presence of the defendant. This verdict was rightly received and recorded. *Commonwealth* v. *Carrington*, 116 Mass. 37.

The judgment is

*Affirmed.*