### WILLIAMS v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit.     November 25, 1907.)

No. 2,497.

1. INTERNAL REVENUE—"CASKS."

The term "cask" is generally understood to be a receptacle for liquids, either larger or smaller than the usual barrel, and, as employed in the statute respecting the manufacture and sale of spirituous liquors, pertaining to wholesale dealers, has a well-recognized import as a vessel containing not less than 20, 10, or 5 gallons wine measure, as provided by Rev. St. §§ 3287, 3323, 3244 [U. S. Comp. St. 1901, pp. 2130, 2167, 2096].

[Ed. Note.—For other definitions, see Words and Phrases, vol. 1, p. 1001.]

2. SAME—SALE OF SPIRITS—RECORDS—OMISSION—INDICTMENT.

Rev. St. § 3244 [U. S. Comp. St. 1901, p. 2096], defines a wholesale liquor dealer to be a person who sells or offers for sale foreign or domestic distilled spirits or wines in quantities not less than five wine gallons at a time. Held that, where an indictment charged defendant as a wholesale liquor dealer with sending out two casks of distilled spirits without making the required entries in his record book, required to be kept by section 3318 [page 2164] the indictment sufficiently charged that the casks contained each not less than five wine gallons.

3. SAME—ELEMENTS OF OFFENSE.

Rev. St. § 3318 [U. S. Comp. St. 1901, p. 2164], requires every wholesale liquor dealer at the time of sending out any spirits to enter in his record book the day when and the name and place of business of the person or firm to whom such spirits are to be sent, the quantity and kind or quality of such spirits, the number of gallons, the name of the distiller, and the serial number of the package. Held that, the gist of the offense being the sending out of any spirits without complying with the section, the quantity sent out was not an essential element thereof, so that an indictment charging that defendant, a wholesale liquor dealer, sent out of his stock two casks of distilled spirits, without making the required record entries, was not fatally defective in failing to specify the quantity shipped.

4. SAME—DESIGNATION OF CONSIGNEE AND DESTINATION.

The indictment was also not objectionable for failure to specify the name of the consignee or the place where the casks were sent; such specifications being mere matters of evidence of which defendant could have secured information by demanding a bill of particulars.

5. CRIMINAL LAW—RIGHT OF REVIEW—OBJECTIONS.

Where, in a prosecution for violating the internal revenue law, defendant admitted that he was a wholesale liquor dealer, and did not object at the trial to parol evidence of such fact, he could not object on writ of error that the court erred in not requiring proof of such fact by the certificate in the district revenue collector's office.

6. INTERNAL REVENUE—CRIMINAL PROSECUTIONS.—INSTRUCTIONS.

Accused was indicted for willfully and unlawfully refusing and neglecting to make in his record book, kept as a wholesale liquor dealer, any entry or entries concerning two particular casks of spirits at the time they were sent out. The court charged that if defendant failed or neglected to provide a book in such form as prescribed by the Commissioner of Internal Revenue, and sold as a wholesale liquor dealer any kind of distilled spirits, and at the time of sending out of his stock and possession any of such spirits, and before the same were removed from his premises, to enter in such book the date when and the name and place of business of the person or firm to whom such spirits were to be sent, the kind and quantity of such spirits, he was guilty as charged. In another paragraph the court stated that if defendant in good faith went to the deputy revenue collector for the district and requested instruction as to the keeping of his records, and was instructed to keep them on a sheet of paper until he could

procure the prescribed form book, and he in good faith relied on such instructions and so kept his record, he was not guilty. *Held*, that accused by the latter instruction received the full benefit of his claim of good faith, and could not complain of any contradiction in such instructions.

7. CRIMINAL LAW—WRITTEN INSTRUCTIONS—WAIVER.

Where the parties by their interlocution invited the court to deliver oral instructions without objection or exception thereto at the time, defendant waived his right to written instructions, under St. 1893, Okl. § 5196, providing that all instructions given shall be in writing, unless waived by both parties.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, § 2125.]

8. INTERNAL REVENUE—CRIMINAL PROSECUTIONS—BURDEN OF PROOF.

Since a plea of not guilty puts in issue every fact essential to constitute the offense charged, and the benefit of reasonable doubt in favor of accused extends to every matter offered in evidence for as well as against him, an instruction, in a prosecution of a wholesale liquor dealer for violating the internal revenue law in failing to make proper records of sales, that it was incumbent on defendant to show that he made the entries in a book prescribed by the internal revenue department, or that he made them on a sheet of paper, etc., was erroneous.

9. CRIMINAL LAW—REVIEW—PREJUDICE—PRESUMPTION.

When error is apparent in the record, it is presumptively injurious to the party against whom it has been committed, unless it appears beyond doubt that it did not and could not prejudice his rights.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Criminal Law, §§ 3090–3099.]

10. SAME—NECESSITY OF EXCEPTIONS.

Where accused received a severe punishment, it was the province of the appellate court to correct an error in an instruction as to the burden of proof, prejudicial to accused, though a sufficient exception was not saved thereto.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Criminal Law, § 2668.]

In Error to the Supreme Court of the Territory of Oklahoma. For opinion below, see 87 Pac. 647.

Buckner & Buckner, for plaintiff in error.

John Embry, U. S. Atty., and Louie E. McKnight, Asst. U. S. Atty.

Before SANBORN and VAN DEVANTER, Circuit Judges, and PHILIPS, District Judge.

PHILIPS, District Judge. The plaintiff in error (hereinafter designated the defendant) was indicted in the District Court for Pawnee county, Okl. Ter., under section 3318, Rev. St. U. S. [U. S. Comp. St. 1901, p. 2164], as a wholesale liquor dealer for failure to make the required entries in a book of two casks of spirituous liquors sold and sent out of his possession on the 6th day of November, 1903. On trial to a jury he was convicted, and sentenced to imprisonment for 1½ years in the federal penitentiary at Leavenworth, Kan., and to pay a fine of $100 and the costs. On appeal to the Supreme Court of the territory the judgment was affirmed.

The sufficiency of the indictment was challenged both by demurrer and motion in arrest of judgment. We do not deem it necessary or important to consider many of the objections raised. The principal

objection is that the indictment is wanting in specification, descriptive of the quality and kind of liquors sold and sent out, and to whom sent. The charge in this respect is that:

"On the 6th day of November, 1903, the said Matt Williams, as said wholesale liquor dealer as aforesaid, did then and there send out of his stock and possession certain distilled spirits, to wit, two casks of distilled spirits, and did willfully and unlawfully refuse and neglect to make in the said book any entry or entries whatsoever (said book having been described in the preceding part of the indictment) concerning said casks of spirits respectively at the respective time of so sending the same out of his stock and possession, and before the same were removed respectively from his premises."

Said section of the statute requires every wholesale liquor dealer to provide a book, to be prepared and kept in such form as may be prescribed by the Commissioner of Internal Revenue, and shall, on the same day on which he receives any foreign or domestic spirits, and before he draws off any part thereof, enter in such book, etc. It further declares that:

"Every such * * * wholesale dealer shall, at the time of sending out of his stock or possession any spirits, and before the same are removed from his premises, enter in like manner in the said book the day when and the name and place of business of the person or firm to whom such spirits are to be sent, the quantity and kind or quality of such spirits, the number of gallons, * * * the name of the distiller and the serial number of the package. Every such book shall be at all times kept in some public place on the premises of such * * * wholesale dealer for inspection, and any revenue officer may examine it and take an abstract therefrom."

The penalty provided for neglect in the above requirements is a fine of not less than $100 nor more than $5,000, and imprisonment not less than three months nor more than three years.

It will be observed from the foregoing statute that, whenever such wholesale dealer sends out "any spirits," he is required to make the specified entry in the designated book. The charge in the indictment is that the defendant sent out, etc., certain casks of spirits, to wit, two casks of distilled spirits. The term "cask" is generally understood to be a receptacle for liquids. It may be less or larger than the usual barrel. As employed in the statute respecting the manufacture and sale of spirituous liquors, pertaining to wholesale dealers, a cask has a well-recognized import. In section 3287 [page 2130], touching the duty of distillers, it is said:

"All distilled spirits shall be drawn from the receiving-cisterns into casks, each of not less capacity than twenty gallons wine measure."

Section 3295 [page 2135], respecting the gauging, stamping, and branding of spirits removed from warehouses, the language is, "Whenever an order is received from the collector for the removal from any distillery warehouse of any cask of distilled spirits," evidently having reference to casks containing not less than 20 gallons wine measure. Section 3319 [page 2165], declares that it shall be unlawful for any rectifier, etc., or wholesale or retail liquor dealer, to purchase or receive any distilled spirits in quantities greater than twenty gallons from any person other than an authorized rectifier of distilled spirits, distiller, or wholesale liquor dealer. Section 3323 [page 2167] provides that all distilled spirits drawn from any cask or package and placed in any

other cask or package containing not less than ten gallons, and intended for sale, shall be again inspected and gauged. Section 3324 [page 2168] provides for the effacement of stamps and brands from empty casks. Section 3325 [page 2169] provides that whenever any person knowingly purchases or sells, with inspection marks thereon, any cask or package, after the same has been used for distilled spirits, he shall forfeit and pay, etc. Section 3244 [page 2096] defines a wholesale liquor dealer to be a "person who sells or offers for sale foreign or domestic distilled spirits or wines, in quantities of not less than five wine gallons at the same time." The indictment having alleged that at the time in question the defendant was a wholesale liquor dealer, it was tantamount to a direct averment that the casks contained each not less than 5 wine gallons of spirituous liquors. The statute in question makes it an offense for such wholesale dealer to send out of his stock or possession any spirits without making the required notation in the manner prescribed. As he is only authorized to deal as a wholesaler, the law assumes he did not sell or send out in casks containing less than five wine gallons. The statute interdicts and penalizes the sending out of any spirits without complying with said requirements. The quantity, whether 5 or 50 gallons, neither qualifies nor designates the offense; the implication, however, being that he does not send out in casks containing less than 5 wine gallons. It is not essential to specify in the indictment the name of the person to whom, or the place where, the casks were sent. That was mere matter of evidence, and not of the substance of the offense. Of all men the defendant knew to whom and where he had sent the casks; and, if the desired information from the prosecution, he could have protected himself against surprise at the trial by demanding in advance a bill of particulars. The indictment was sufficient. Ledbetter v. United States, 170 U. S. 606, 18 Sup. Ct. 774, 42 L. Ed. 1162; Pounds v. United States, 171 U. S. 35, 18 Sup. Ct. 729, 43 L. Ed. 62.

The contention is made on behalf of the defendant that the court erred in admitting parol testimony to prove that the defendant was a wholesale liquor dealer; that the best. if not the only, evidence of the fact, is the certificate from the proper district revenue collector's office, commonly called a "license." It is sufficient to say of this that parol evidence was admitted without objection on the part of the defendant. Indeed, he admitted on the trial that he was a wholesale liquor dealer. As he was exercising the office of such dealer, the presumption is that he was acting rightfully. His license was in his own possession, if one had been issued. If he had no license, he was wrongfully engaged in the wholesale liquor business, and he knew it. He could only show this by developing the fact that he was amenable to indictment and punishment for a graver offense. Why should the government be required to produce the record showing that the defendant was licensed as a wholesale liquor dealer when oral proof of the fact was admitted nem con? The offense with which the defendant was charged is that he "did willfully and unlawfully refuse and neglect to make in the said book any entry or entries whatsoever, concerning said casks of spirits" at the time the same were sent out.

The defendant's testimony, which in some important particulars · is not without corroboration, was that he was engaged in this business between three and four months; that he was unfamiliar with the requirements of the statute respecting the manner of keeping the book; that before beginning business he inquired of the deputy revenue collector of the district about obtaining the book and how to keep it; that said deputy informed him that he could get one from a house in Cincinnati; that he was advised by this officer that he could keep memoranda of liquors received and sent out, in an informal way, on slips or sheets of paper, and he could enter the same formally in the book when obtained; that he went to Cincinnati and tried to obtain the book at a wholesale house, but failed; that he made entries on pieces of paper in the manner directed, intending to transfer them into the book when obtained. His testimony further tended to show that he bought some of the liquors from a house represented by one Fechtler, who seems to have instigated this prosecution against the defendant because of his bankruptcy, whereby loss came to his house. Fechtler visited the defendant after he began business, and advised him about how to make out his reports to the district collector; and the defendant testified that he kept memoranda of liquors received and sent out on slips or sheets of paper as directed, which he turned over to said Fechtler, who made out therefrom the reports to said collector, which reports were received and he was advised were satisfactory. Those memoranda were not returned to the defendant.

In its charge the court, in paragraph 6, instructed the jury, in substance, that if they found from the evidence beyond a reasonable doubt that the defendant was a wholesale liquor dealer at the time mentioned in the indictment, that he failed or neglected to provide a book in such form as prescribed by the Commissioner of Internal Revenue, and that he sold as a wholesale liquor dealer any kind of distilled spirits and at the time of sending out of his stock and possession any of said spirits and before the same were removed from his premises to enter in said book the day when and the name and place of business of the person or firm to whom such spirits were to be sent, the kind and quantity of such spirits, he was guilty as charged in the indictment, and the jury should so find. Then in paragraph 8½ the court further instructed the jury to the effect that · if they believed from the evidence that the defendant in good faith went to Howard, the deputy revenue collector for the district in which he was about to begin the wholesale liquor business, and requested of him instruction as to the manner in which he should keep his records, and said Howard instructed him to keep them on a sheet of paper until he could procure the prescribed formbook, and that he in good faith relied upon such instructions and did keep his records on a sheet of paper as the law requires, the jury should find him not guilty. Viewed in their relation to each other, the defendant is in no position to complain of any seeming contradiction in said instructions, as it must be conceded he obtained in the latter declaration the full benefit of his claim of good faith. As indicating that the jury did not understand that the sixth instruction precluded them from considering the memoranda entries made on sheets or slips of paper, after retiring to con-

sider of their verdict, they returned into court and made inquiry of the judge as to whether or not they could consider "the other papers as from other sources, the larger pieces of paper." Whereat the judge repeated to them the substance of his former charge as above indicated, with perhaps more fullness and perspicuity. Had the court observed the letter of the statute of the territory, which requires all instructions to be given in writing, it would doubtless have avoided the confusion and some contradiction that ensued by the court suffering interruptions of the respective counsel and engaging in some extended colloquy with them in the presence of the jury, injecting into the case some inconsiderate language and misdirection. After restating the substance of its first charge respecting the requirements of the statute and the effect of the claimed good faith on the part of the defendant, the court said:

"The court instructs the jury that it is incumbent upon the defendant to show that he made these entries in a book prescribed by the internal revenue department, and to show that he made these entries as the law requires, upon a sheet of paper, and that those were preserved and open for the inspection," etc.

It is assigned for error that the foregoing instructions were given orally; whereas, the statute of the Territory of Oklahoma (section 5196, St. 1893) declares that:

"All instructions given shall be in writing, unless waived by both parties, and shall be filed and become a part of the record in the case."

There is contrariety of view in the courts of California and Alabama in applying similar statutes, as to whether or not the failure to object and except at the time of the giving of oral instructions constitutes a waiver or is reversible error. See People v. Beeler, 6 Cal. 246; People v. Payne, 8 Cal. 341; People v. Sanford, 43 Cal. 35, contra; Abbott v. City of Mobile, 119 Ala. 595, 24 South. 565.

Suffice it to say that we incline to the generally accepted rule that under circumstances like these in the record before us, where the parties by their interlocution invite the court to deliver oral instructions, without objection or exception thereto at the time, they should be held to have waived the right to written instructions. The office of such timely objection is the spirit of fair play, to accord to the court a locus pœnitentiæ to correct the error then and there. This is in the interest of the advancement of justice to avoid new trials and the prolonging of litigation. The court, however, in our judgment, committed a radical error in charging the jury that:

"It is incumbent upon the defendant to show that he made these entries in a book prescribed by the internal revenue department, or to show that he made these entries as the law requires, upon a sheet of paper," etc.

It is the settled law in criminal procedure that the burden of proof never shifts from the prosecutor to the defendant. It remains throughout with the government. The plea of not guilty is unlike a special plea in civil actions, which, admitting the case averred, seeks to establish substantive grounds of defense. It is a plea that puts in contestation every fact essential to constitute the offense charged. And the benefit of a reasonable doubt in favor of the accused extends to every

matter offered in evidence for as well as against him. Glover v. United States, 147 Fed. 426, 77 C. C. A. 450; 1 Greenleaf's Evidence, § 74, note; State v. Wingo, 66 Mo. 181, 27 Am. Rep. 329; Commonwealth v. McKie, 1 Gray (Mass.) 61, 65, 61 Am. Dec. 410. It is the rule of law of this jurisdiction, often repeated, that, when error is apparent in the record, it was presumptively injurious to the party against whom it was committed, "unless it appears beyond doubt that the error did not and could not prejudice the rights of the party." Vicksburg R. R. Co. v. O'Brien, 119 U. S. 99, 7 Sup. Ct. 118, 30 L. Ed. 299; National Biscuit Company v. Nolan, 138 Fed. 9, 70 C. C. A. 436; State v. Russell, 90 Iowa, 569, 58 N. W. 915, 28 L. R. A. 195; People v. N. Y. C. Railway, 29 N. Y. 430; State v. Cooper, 45 Mo. 64.

Without discussing the question suggested as to whether or not there was sufficient exception saved to this instruction, it is sufficient to say that in a criminal case where a plain error is committed in a matter vital to the defendant, especially in a case like this, where the defendant received the severe punishment of one year and six months in the penitentiary in addition to the fine, it is the province of the appellate court to correct it. Wiborg v. United States, 163 U. S. 633, 656, 16 Sup. Ct. 1127, 41 L. Ed. 289; Clyatt v. United States, 197 U. S. 207, 221, 222, 25 Sup. Ct. 429, 49 L. Ed. 726.

It results that the judgment of the District Court and the judgment of the Supreme Court of the territory of Oklahoma are reversed, and the cause is remanded to the said District Court with directions to grant a new trial.