## RIPPER v. UNITED STATES.

### (Circuit Court of Appeals, Eighth Circuit. June 10, 1910.)

### No. 2,868.

1. CRIMINAL LAW (§ 824*)—INSTRUCTIONS—NECESSITY OF REQUEST.

An accused cannot object to the court's failure to charge on a legal issue, in the absence of a request therefor.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1996-2004; Dec. Dig. § 824.*]

2. CRIMINAL LAW (§ 827*)—INSTRUCTIONS—REQUESTS TO CHARGE—SUFFICIENCY.

A bare exception to a charge given is not equivalent to a request to charge.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 827.*]

3. CRIMINAL LAW (§ 1186*)—APPEAL—REVERSAL.

Where the record fails to disclose proof of all the essential elements of an offense, or evidence from which the jury might have found them, the Circuit Court of Appeals may set aside the conviction, though the appropriate objection has not been made.

[Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 1186.*]

On petition for rehearing. Denied.

For former opinion, see 178 Fed. 24.

P. H. Cullen, Thomas T. Fauntleroy, and Shepard Barclay, for plaintiff in error.

HOOK, Circuit Judge. The conviction and sentence of Ripper for violations of the oleomargarine act (Act Aug. 2, 1886, c. 840, 24 Stat. 209 [U. S. Comp. St. 1901, p. 2228]), was affirmed by this court. 178 Fed. 24. A petition for rehearing has been presented. Some of the grounds set forth have already been fully considered and we do not think the conclusions reached should be disturbed. Of the others there is but one that need be noticed.

One of the counts in the indictment charged a violation of section 13 of the act, which provides that whenever any stamped package containing oleomargarine is emptied it shall be the duty of the person in whose hands the same is to destroy utterly the stamps thereon, and imposes a penalty for the willful neglect or refusal to do so. Complaint is now made that the trial court refused to instruct the jury that in order to convict it was necessary they should find the neglect to destroy the stamps was willful, and that this matter was assigned as error, but was not considered in our former opinion. It is said in the petition for rehearing that counsel for the accused requested such an instruction, and it was refused. The record does not disclose that any requests whatever were made of the trial court. At the conclusion of the charge counsel merely excepted to it upon a number of grounds, among which was one that the court failed to instruct that the neglect to cancel the stamps must have been willful. This exception is the sole basis for the statement that a request was made and refused. It is the settled rule that if a party desires an instruction upon the law

he must ask for it. Texas & Pacific Railway v. Volk, 151 U. S. 73, 14 Sup. Ct. 239, 38 L. Ed. 78; Isaacs v. United States, 159 U. S. 487, 16 Sup. Ct. 51, 40 L. Ed. 229; Goldsby v. United States, 160 U. S. 70, 16 Sup. Ct. 216, 40 L. Ed. 343; Backus v. Depot Co., 169 U. S. 557, 575, 18 Sup. Ct. 445, 42 L. Ed. 853; Humes v. United States, 170 U. S. 210, 18 Sup. Ct. 602, 42 L. Ed. 1011. A bare exception to a charge is not equivalent to a request. If the record before us had failed to disclose proof of all the essential elements of the offense or evidence from which the jury might have found them, we might very properly set aside the conviction, though the objection was not raised in the appropriate way. Wiborg v. United States, 163 U. S. 632, 16 Sup. Ct. 1127, 1197, 41 L. Ed. 289; Clyatt v. United States, 197 U. S. 207, 25 Sup. Ct. 429, 49 L. Ed. 726; Williamson v. United States, 207 U. S. 425, 28 Sup. Ct. 163, 52 L. Ed. 278; Crawford v. United States, 212 U. S. 183, 29 Sup. Ct. 260, 53 L. Ed. 465; Williams v. United States, 88 C. C. A. 296, 158 Fed. 30. But that was not the case. There was substantial proof of all of the elements of the offense and of the guilt of the accused.

The petition for rehearing is denied.