UNITED STATES v. THOMPSON.

(District Court, W. D. Virginia. August 2, 1911.)

1. INDICTMENT AND INFORMATION (§ 163*)—SUFFICIENCY—DESCRIPTION OF OF-
FENSE—BILL OF PARTICULARS.

An indictment may be so expressed as to be good on demurrer which still does not give the defendant all the information which he should in fairness have to properly prepare for trial, and the omission may be supplied under the federal practice by a bill of particulars.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. § 525; Dec. Dig. § 163.*]

2. INTERNAL REVENUE (§ 47*)—OFFENSES—REMOVAL OF SPIRITS CONTRARY TO
LAW—INDICTMENT.

Under Rev. St. § 3296 (U. S. Comp. St. 1901, p. 2136), which makes it an offense to remove any distilled spirits on which the tax has not been paid "to a place other than the distillery warehouse provided by law," an indictment states an offense where it charges the removal by defendant of fruit brandy from the distillery to a place other than "the designated place of deposit provided by law," since under the regulations of the department, made by authority of law, such brandy is not required to be removed to a distillery warehouse, but to a designated place of deposit required to be provided by the distiller.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 144–150; Dec. Dig. § 47.*]

3. INTERNAL REVENUE (§ 39*)—OFFENSES—REMOVAL OF SPIRITS CONTRARY TO
LAW—CONSTRUCTION OF STATUTE.

Rev. St. § 3296 (U. S. Comp. St. 1901, p. 2136), makes it unlawful to remove any spirits on which the tax has not been paid except from a registered distillery to the designated place of deposit, and applies as well to removals from an illicit, as from a registered, distillery.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 97–106; Dec. Dig. § 39.*]

4. STATUTES (§ 245*)—CONSTRUCTION OF REVENUE LAWS.

Revenue laws are not penal laws in the sense that requires them to be construed with great strictness in favor of a defendant, but are rather to be regarded as remedial in character and intended to prevent fraud, and to be so construed as to carry out such intention and accomplish such object.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 326; Dec. Dig. § 245.*]

Criminal prosecution by the United States against Ned Thompson. On demurrer to indictment. Overruled.

Barnes Gillespie, U. S. Atty., and Thos. J. Muncy, Asst. U. S. Atty. Hairston, Willis & Hairston, for defendant.

McDOWELL, District Judge. The first count of this indictment reads:

"United States of America, Western District of Virginia, Danville Division.—ss.:

"In the District Court of the United States, in and for the Western District aforesaid, at the November term thereof, A. D. 1909. The grand jurors of the United States, impaneled. sworn and charged at the term aforesaid, of the court aforesaid, on their oaths present, that Ned Thompson on the ——— day of ———, in the year 1909, in the said district, and within the jurisdiction of said court, did unlawfully remove and aid and abet in the removal of certain distilled spirits, to wit, ten gallons, upon which the tax imposed by law had not been paid, from a distillery to the grand jurors unknown, to a place other than the designated place of deposit provided by law, to-wit Franklin county, contrary," etc.

The second, and last, count merely charges "concealing" in the same language.

1. It was objected that the indictment does not inform the defendant whether the charges relate to whisky or brandy. Except for the fact that "designated place of deposit provided by law" has been substituted for "the distillery warehouse provided by law," the indictment follows the form approved in Pounds v. U. S., 171 U. S. 35, 38, 18 Sup. Ct. 729, 730, 43 L. Ed. 62. in which case it is said:

"The offense was purely statutory. In such case it is generally sufficient to charge the defendant with acts coming within the statutory description in the substantial words of the statute without any further expansion of the matter. United States v. Simmons. 96 U. S. 360 [24 L. Ed. 819]; United States v. Britton, 107 U. S. 655 [2 Sup. Ct. 512, 27 L. Ed. 520]."

[1] But to overcome any ground of complaint in the respect mentioned the district attorney has asked leave to and has filed a bill of particulars in which it is stated that the distilled spirits referred to in both counts of the indictment was brandy. An indictment may be so expressed as to be good on demurrer and which still does not give the defendant all the information which he should in fairness have in order to properly prepare for trial. The value of the well-settled federal practice of thus overcoming by bill of particulars such defects in indictments is well illustrated in this case. See Bannon v. U. S., 156 U. S. 464, 468, 15 Sup. Ct. 467, 39 L. Ed. 494; Dunbar v. U. S., 156 U. S. 185, 192, 15 Sup. Ct. 325, 39 L. Ed. 390; Coffin v. U. S., 156 U. S. 432, 452, 15 Sup. Ct. 394, 39 L. Ed. 481; Rosen v. U. S., 161 U. S. 29, 34, 35, 16 Sup. Ct. 434, 480, 40 L. Ed. 606; Kirby v. U. S., 174 U. S. 47. 64, 19 Sup. Ct. 574, 43 L. Ed. 809; U. S. v. Bayaud (C. C.) 16 Fed. 376, 382; U. S. v. Bennett, 24 Fed. Cas. 1093, 1098; U. S. v. Adams Co. (D. C.) 119 Fed. 241; Rinker v. U. S., 151 Fed. 759, 81 C. C. A 379; Wharton, Crim. Pl. & Pr. (9th Ed.) § 702; 1 Bishop. Crim. Proc. (2d Ed.) § 643.

[2] 2. A ground of demurrer is that the language of the statute (section 3296, Rev. Stats.; 3 Fed. Stats. Ann. 671 [U. S. Comp. St. 1901, p. 2136]) has not been followed. Perhaps it would have been

better had the exact language of section 3296 been followed; but the pleader was simply thus seeking to advise defendant that the distilled spirits in question was brandy. In the Regulations of September 16, 1908 (No. 7) p. 208, made under authority of law, fruit brandy distillers are required to have and keep a "designated place of deposit" for brandy at which it is to be kept until payment of the tax has been made. Technically, therefore, brandy is required by law to be removed from its place of manufacture, not to a "distillery warehouse," but to a "designated place of deposit" provided by law. This departure from the exact language of section 3296 therefore means exactly what the language of the statute would have meant, and simply gives the defendant more information than he was in strictness entitled to, except by bill of particulars. The language used is substantially the language of the statute.

[3] 3. The point most earnestly insisted upon is that the statute does not apply to spirits (either whisky or brandy) produced at what is termed an "illicit distillery." A part of section 3296 clearly relates only to illegal removals of spirits from a warehouse provided by law. But the first four or five lines are not so limited:

"Whenever any person removes * * * any distilled spirits on which the tax has not been paid, to a place other than the distillery warehouse provided by law * * * he shall be fined," etc.

The argument is that there is no warehouse provided by law at the ordinary illicit distillery, and that consequently Congress had in view only removals from registered and bonded distilleries at which there always is a warehouse provided by law. I question if there is room for sufficient doubt as to the meaning of the statute to render it open to construction. "Where a law is expressed in plain and unambiguous terms, * * * the Legislature should be intended to mean what they have plainly expressed, and consequently no room is left for construction." Lake County v. Rollins, 130 U. S. 662, 670, 671, 9 Sup. Ct. 651, 652, 32 L. Ed. 1060. The language used in the statute most plainly makes it illegal to remove any untaxed spirits, and as by way of proviso it necessarily excepted removals from all distilleries to the warehouses provided by law at such distilleries. Therefore, as I read it, the statute forbids all removals of untaxed spirits except from a registered distillery to the warehouse at that distillery; and, in case of brandy, except from a registered distillery to the designated place of deposit, which is the distillery warehouse provided by law. No reason suggests itself why Congress should have intended that this statute should not apply to removals of untaxed spirits produced at an illicit distillery. The statute was enacted to facilitate the collection of revenue from distilled spirits. There was therefore reason for an intent to make such removals as entirely illegal as improper removals from registered distilleries. The statute (3296) was taken verbatim from (15 Stat. 140) section 36 of an "Act Imposing Taxes on Distilled Spirits and Tobacco and for other purposes," enacted in 1868. An intent that illicitly made and untaxed spirits could be removed freely, while untaxed spirits produced at registered distilleries should not be removed (except to the warehouse), cannot, as it seems to me, be

found in the statute. The act committed is within the language of the statute, and no reason suggests itself why this language should not apply.

The very fact that a quite thorough search, including 186 Federal Reporter and 218 U. S., has failed to discover a single case in which such contention has been made, is almost of itself sufficient for holding the contention unsound.

[4] It is argued that the statute should be strictly construed. Revenue laws are not penal laws in the sense that requires them to be construed with great strictness in favor of the defendant. They are rather to be regarded as remedial in character, and intended to prevent fraud, suppress public wrong, and promote the public good. They should be so construed as to carry out the intention of the Legislature in passing them and most effectually accomplish these objects. See U. S. v. Burdett, 9 Pet. 689, 9 L. Ed. 273; U. S. v. Hodson, 10 Wall. 395, 406, 19 L. Ed. 937; Id., 154 U. S. 580, 14 Sup. Ct. 1212, 19 L. Ed. 941; U. S. v. Stowell, 133 U. S. 1, 12, 10 Sup. Ct. 244, 33 L. Ed. 555; Arnold v. U. S., 147 U. S. 494, 13 Sup. Ct. 406, 37 L. Ed. 253; U. S. v. Goldenberg, 168 U. S. 95, 18 Sup. Ct. 3, 42 L. Ed. 394.

Counsel for defendant seemingly place reliance upon what was said in debate in Congress when the act of 1868 was passed. I do not myself find in such parts of the debates as are submitted in the brief anything that seems to relate to the point. See Cong. Globe, June, 1868, pp. 3379, 3397, 3400, 3401, 3456.

Chief Justice Taney said that in expounding a law "the judgment of the court cannot in any degree be influenced by the construction placed upon it by individual members of Congress in the debate which took place in its passage, nor by the motives or reasons assigned by them for supporting or opposing amendments that were offered. The law as it passed is the will of the majority of both houses, and the only mode in which that will is spoken is in the act itself." Aldridge v. Williams, 3 How. 9, 24, 11 L. Ed. 469. See, also, U. S. v. Railroad Co., 91 U. S. 79, 23 L. Ed. 224; Knowlton v. Moore, 178 U. S. 72, 20 Sup. Ct. 747, 44 L. Ed. 969; American Co. v. Worthington, 141 U. S. 473, 12 Sup. Ct. 55, 35 L. Ed. 821; Bate v. Sulzberger, 157 U. S. 42, 15 Sup. Ct. 508, 39 L. Ed. 601; Dunlap v. U. S., 173 U. S. 75, 19 Sup. Ct. 319, 43 L. Ed. 616; Merritt v. Welsh, 104 U. S. 702, 26 L. Ed. 896; Mitchell v. Great Works Co., 2 Story, 653, 17 Fed. Cas. 498, 499. The following are the only cases found which in any sense bear upon section 3296, Rev. Stats.: Garnhart v. U. S., 16 Wall. 162, 21 L. Ed. 275; U. S. v. Simmons, 96 U. S. 360, 24 L. Ed. 819; U. S. v. Chouteau, 102 U. S. 603, 26 L. Ed. 246; U. S. v. Britton, 107 U. S. 655, 2 Sup. Ct. 512, 27 L. Ed. 520; Stone v. U. S., 167 U. S. 184, 17 Sup. Ct. 778, 42 L. Ed. 127; Pounds v. U. S., 171 U. S. 35, 18 Sup. Ct. 729, 43 L. Ed. 62; U. S. v. Smith (D. C.) 27 Fed. 854; U. S. v. Three Copper Stills (D. C.) 47 Fed. 495; U. S. v. Sykes (D. C.) 58 Fed. 1000; Pilcher v. U. S., 113 Fed. 248, 51 C. C. A. 205; U. S. v. Anthony, Fed. Cas. No. 14,460; U. S. v. Blaisdell, Fed. Cas. No. 14,608; U. S. v. Harries, Fed. Cas. No. 15,309; U. S. v. Hutchins, Fed. Cas. No. 15,430; U. S. v. McKee, Fed. Cas. No. 15,688; U.

S. v. Nunnemacher, Fed. Cas. No. 15,902; U. S. v. Nunnemacher, Fed. Cas. No. 15,903.

The only conclusion I can reach is that the demurrer must be overruled.