## WOODS v. UNITED STATES.

Circuit Court of Appeals, Eighth Circuit.
April 16, 1928.

No. 7822.

**1. Criminal law ⬳594(1)—Motion for continuance because of absent codefendant witness is addressed to discretion of trial court.**

Motion for continuance because of absence of codefendant, who, it was claimed, would testify in favor of defendant, was addressed to sound judicial discretion of trial court.

**2. Criminal law ⬳594(1)—Denial of continuance because of absence of codefendant, who, it was stated, would testify for defendant, held not abuse of discretion.**

Trial court *held* not to have abused its discretion in denying motion for continuance on ground of absence of codefendant, who, it was stated, would, if present, testify in favor of defendant, there being no showing that whereabouts of codefendant was known or that presence could be procured at next term of court, nor a showing of reasonable certainty that he would testify as stated even if present.

**3. Internal revenue ⬳47(2)—Count charging concealing untaxed distilled spirits removed from distillery warehouse held fatally defective for failure to allege spirits concealed were untax-paid (26 USCA § 404).**

Count of indictment purporting to charge offense under Rev. St. § 3296 (26 USCA § 404; Comp. St. § 6038), for concealing untaxed distilled spirits which had been removed from a distillery warehouse, *held* fatally defective because of failure to allege that distilled spirits concealed were untax-paid; such being an essential ingredient of the crime.

**4. Intoxicating liquors ⬳236(6½, 11)—Evidence held to sustain conviction for possession and sale of liquor (National Prohibition Act [27 USCA]).**

Evidence in prosecution under National Prohibition Act (27 USCA) for the unlawful possession and sale of intoxicating liquor *held* sufficient to sustain conviction.

**5. Intoxicating liquors ⬳239(2)—Instruction that count charging unlawful possession of liquor was based on same evidence as count charging unlawful concealment held erroneous under evidence (National Prohibition Act [27 USCA]; 26 USCA § 404).**

In prosecution under National Prohibition Act (27 USCA) and Rev. St. § 3296 (26 USCA § 404; Comp. St. § 6038), for sale and possession of liquor and for unlawful concealment of distilled spirits removed from a distillery warehouse, instruction that count charging unlawful possession was based on same evidence as count charging concealment of distilled spirits *held* erroneous, in view of evidence relative to possession other than that on which count for unlawful concealment was based.

**6. Criminal law ⬳1209—Judgment on count for possession based on same evidence as count for sale will be set aside as involving double punishment.**

Judgment under count for possession of intoxicating liquor, based on same evidence as count for sale thereof will be set aside as involving double punishment.

In Error to the District Court of the United States for the Eastern District of Arkansas; Jacob Trieber, Judge.

William P. Woods was convicted for possession and sale of liquor and for unlawful concealment of spirits removed from a distillery with knowledge of unlawful removal, and he brings error. Reversed as to certain counts, and affirmed as to others, and sentence set aside, and cause remanded, with directions.

J. M. Jackson, of Nashville, Ark., and Bogle & Sharp, of Brinkley, Ark., for plaintiff in error.

Charles F. Cole, U. S. Atty., of Little Rock, Ark..

Before WALTER H. SANBORN and BOOTH, Circuit Judges, and MUNGER, District Judge.

BOOTH, Circuit Judge. This is a writ of error to a judgment of conviction of plaintiff in error, hereafter called defendant, for violation of the National Prohibition Act (27 USCA), and for violation of section 3296, Revised Statutes (USCA tit. 26, § 404 [Comp. St. § 6038]), relating to internal revenue. The indictment was against Woods and Lee Sutton jointly, and contained seven counts. The first, third, and seventh charged unlawful possession of intoxicating liquor on January 18th, January 19th, and February 3d, of 1927, respectively. The second and fourth charged unlawful sales of intoxicating liquor on the 18th and 19th of January, 1927. The fifth charged an unlawful removal of untax-paid distilled spirits from a distillery to a place other than a distillery warehouse. The sixth charged unlawful concealment of distilled spirits which had been removed from a distillery to a place other than a distillery warehouse, with knowledge of such unlawful removal.

Sutton was not apprehended. The case being on the March, 1927, term for trial, a motion for continuance was made by defendant, on the ground of the absence of Sutton. The motion was denied. Trial was had and resulted in conviction on counts 1, 2, 6, and 7; acquittal on counts 3 and 4. Count 5 was eliminated by the court. Sentence was imposed of a fine of $100 on counts 1 and 7; of a fine of $200 on count 2; of imprisonment in the United States Penitentiary at Atlanta, Ga., for three years on count 6.

There was evidence tending to establish the following facts: On the night of January 18, 1927, two prohibition agents, La

Coste and Sullivan, accompanied by two women, went in a taxicab to a store located on the highway which runs from Helena to South Helena, Phillips county, Ark. On the window side of the store was painted the name "Lee Sutton." The driver of the taxicab got out, went into the store, and came out again. Defendant then came out with two pints of whisky, which he gave to La Coste. La Coste gave him in return $4.

On January 19th the same persons, with an additional prohibition agent, again drove to the store in a taxicab. The driver went to a back door of the store, where defendant handed him a pint of whisky, for which the driver paid him $2. The driver gave the whisky to La Coste and received from him $2.

On the morning of February 3, 1927, Prohibition Agents La Coste, Eugene Julian, and M. C. Burns again went to the premises with a search warrant. Defendant was found in the store and arrested.

In the "inclosure" where the store stood were the following other buildings: A small adjoining building connected with the store by a closed passageway, a blacksmith shop, a shed, a two-story barn. The barn was at a distance from the store; the distance being estimated by one witness as 30 feet, by another as 50 yards. There was a wire fence or part of one between the store and the barn. The upper story of the barn was occupied by a negro as a dwelling place. Search of the store revealed several bottles of whisky. Search of the small building connected by a passageway revealed more whisky and home brew beer. Search of the barn revealed a barrel containing whisky, two small empty kegs, and a large number of empty bottles, also a case of home brew beer. There were no internal revenue stamps on the barrel containing whisky, but there were stamps on the bottles.

The evidence further tended to show that defendant lived at 622 Columbia street, a place other than the store in question. There was also evidence that letters and other papers addressed to defendant were found in the store at the time of the search. There was evidence that Sutton was in the store on one or two of the visits of the prohibition agents, and sold them whisky; that he slept in the store, and ate his meals there; that he bought coal for the store, but that the bill for the same was sponsored by defendant; and that defendant often helped Sutton financially in the business of carrying on the store.

[1, 2] One of the errors alleged and argued was the action of the court in denying the motion for a continuance. The ground stated in the motion was that Lee Sutton, if present, would testify that the premises which were searched were under his sole supervision and control, and that defendant had no interest in or control over the same, and that the liquor found belonged to him (Sutton), and that defendant had no interest or control over the same. While it is doubtless true that, if Lee Sutton had been present, and if he had testified as stated in the motion, the defense would have been materially strengthened, yet there could be no reasonable certainty that Sutton, even if present, would testify as stated, since such testimony would be a confession of his own guilt. Furthermore, there was no showing that the whereabouts of Sutton was known or that his presence could be procured at the next term of court or at all. There was merely the statement by defendant "that the government will no doubt apprehend him and have him present at the next term of the court." The motion was addressed to the sound judicial discretion of the trial court, and we think that under all the circumstances there was no error in denying the same.

[3] Another alleged error relates to the sixth count and the testimony which was introduced to sustain it. This count purported to charge an offense under section 3296, Revised Statutes (USCA, tit. 26, § 404). The count, however, was fatally defective. The offense under section 3296, Revised Statutes, with which it was sought to charge defendant in this count, was that of concealing untaxed distilled spirits which had been removed from a distillery warehouse, but the count wholly fails to allege that the distilled spirits concealed were untax-paid. This was an essential ingredient of the crime and should have been alleged. Pounds v. United States, 171 U. S. 35, 18 S. Ct. 729, 43 L. Ed. 62; Rosenfeld v. United States (C. C. A.) 202 F. 469; Dukes v. United States (C. C. A.) 275 F. 142; United States v. Anthony, 24 Fed. Cas. No. 14460, 833; United States v. Nunnemacher, 27 Fed. Cas. No. 15903, 202.

[4, 5] There remains the inquiry whether there was any substantial evidence to sustain the verdict as to counts 1, 2, and 7. We have heretofore detailed to some extent what the evidence tended to prove, and it is sufficient to add that in our opinion there was substantial evidence to sustain a verdict of possession on January 18, 1927, as charged in the first count, of a sale on the same date as charged in the second count, and of possession on February 3, 1927, as charged in the seventh count. As to the seventh count, the

court charged that it was based on the same evidence as the sixth count, and that the two counts went together. This we think was incorrect. The two counts do not necessarily stand or fall together. The principal testimony to support the sixth count was relative to the barrel containing whisky which was found in the barn; but there was evidence of possession of intoxicating liquor by defendant on February 3d quite apart from anything found in the barn. The evidence that intoxicating liquor was found in the store on that day, where defendant was arrested; and the evidence that intoxicating liquor was found in the small building adjoining the store, where defendant with others admittedly were gambling, all tended to prove the charge of possession by defendant on February 3d. We think there was substantial evidence to sustain conviction on counts 1, 2, and 7.

A word as to the judgment entered. Though there was substantial evidence of possession as charged in count 1, yet there was no evidence of possession under that count except of possession incident to the sale covered by count 2. The court so charged as follows:

"I will state to you that the first and second counts relate to practically one transaction; that is, the sale made by the defendant and the possession of intoxicating liquor. Of course, the two practically go together; if you find that there was no sale made on January 18th, then there is no evidence that he had possession. On the other hand, if you find on the second count, that he did make the sale, that also carries with it the same verdict as the first count."

[6] This being the state of the evidence as to possession under count 1, the judgment as to that count should be set aside as involving double punishment, first, for the sale; second, for possession incident to the sale. This is not allowable. Friedman v. United States (C. C. A.) 13 F.(2d) 632; Schroeder v. United States (C. C. A.) 7 F.(2d) 60; Miller v. United States (C. C. A.) 300 F. 529, 534; Morgan v. United States (C. C. A.) 294 F. 82; Rossman v. United States (C. C. A.) 280 F. 950, 953; Reynolds v. United States (C. C. A.) 280 F. 1.

The result is that the judgment of conviction under the first and sixth counts should be reversed and set aside. The judgment of conviction under the second and seventh counts should be affirmed. The entire sentence should be set aside, and the cause remanded to the District Court, with directions to enter the appropriate judgment upon the conviction under the second and seventh counts. It is so ordered.