WALTER YODER v. STATE.

No. A-10227.    Nov. 10, 1943.

(143 P. 2d 160.)

Reily & Reily, of Shawnee, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., J. Walker Field, Asst. Atty. Gen., H. M. Shirley, Co. Atty., of Coalgate, for defendant in error.

BAREFOOT, J. Defendant, Walter Yoder, was charged in the district court of Coal county, with the crime of larceny of live stock, to wit, three head of cattle; was tried, convicted, sentenced to serve three years in the Penitentiary, and has appealed.

A number of assignments of error are presented. We shall consider them in the order we deem important.

This is a felony case. The record discloses that the court instructed the jury orally, and not in writing, as provided by the Oklahoma Statutes, section 3057, O. S. 1931; 22 O. S. A. 1941 § 831, which is as follows:

"6. * * * All instructions given shall be in writing unless waived by both parties, and shall be filed and become a part of the record in the case."

The record reveals that counsel for defendant waived his right to have the jury instructed in writing, and agreed that the court instruct them orally. We have held that where this waiver is made, the case will not be reversed by reason of such oral instructions. Elms v. State, 53 Okla. Cr. 268, 10 P. 2d 728; Bird v. State, 22 Okla. Cr. 263, 210 P. 925; Williams v. United States, 8 Cir., 158 F. 30, 88 C. C. A. 296.

But notwithstanding this, the court has often stated that it was the better practice for the court to instruct the jury in writing, and refrain from giving oral instructions. This is especially true in felony cases, and while it may not be reversible error, as above stated, we again reiterate that the better practice is for the court to give his instructions in writing, as provided by the statutes. Howard v. State, 39 Okla. Cr. 336, 265 P. 149; Rea v. State, 3 Okla.

Cr. 281, 105 P. 386, 106 P. 982; Lunsford v. State, 53 Okla. Cr. 305, 11 P. 2d 539; Bird v. State, 22 Okla. Cr. 263, 210 P. 925; Elms v. State, 53 Okla. Cr. 268, 10 P. 2d 728; Milam v. State, 24 Okla. Cr. 247, 218 P. 168.

It is next contended that after the jury had retired for the consideration of their verdict, they were returned into the courtroom and, after asking the court certain questions, the court, after reading the instructions inquired about, orally explained to jury the meaning of such instructions. After this was done, counsel for defendant objected and excepted to the oral instructions given by the court, which was overruled.

We have carefully examined the comments of the court, as revealed by the record, and find that it substantiates the reason for the rule above announced—that the court should only instruct the jury in writing and refrain from oral instructions.

In this instance, the court endeavored to make a fair explanation of the meaning of the instructions, and most of the statement is fair and in conformity with the law and the facts, but as a part of one of the oral instructions, the court said:

"If he did not have anything to do with the property after the property was taken and did not aid or abet in concealing, selling, or destroying the stolen property, he would not be guilty of larceny."

At a glance this instruction might be considered favorable to the defendant, but when applied to the facts in the instant case, it is almost an instruction to find the defendant guilty.

The property here involved was stolen in Coal county. It had been transported to Pottawatomie county, where it was found. There was no evidence to connect the defen-

dant with the property in Coal county. But the evidence did reveal that the defendant sold the property in Pottawatomie county. Under the instructions above referred to, the jury would have been justified in finding the defendant guilty of larceny of the property in Coal county by reason of possession or sale of the same in Pottawatomie county.

In order to have convicted the defendant of larceny in Coal county, it was necessary to have connected him with the larceny in that county, or to have shown that he aided or abetted the person who committed the larceny in that county.

There were some very slight circumstances which tended to connect this defendant with the asportation of the cattle from Coal county to Pottawatomie county, but these circumstances were very slight. A charge of receiving stolen property in Pottawatomie county against this defendant could have been more easily sustained than a charge of larceny in Coal county.

The principle of law which we have stated was announced in the case of Dismore v. State, 60 Okla. Cr. 346, 44 P. 2d 894, wherein it was said:

"Where larceny has been committed and asportation has terminated, one not connected with original taking, either as principal or as aider or abettor, but who thereafter, with knowledge that property has been stolen, assists in concealing, selling, or destroying stolen property, is not guilty of larceny. * * *

"It is generally said that possession of recently stolen property is not of itself sufficient to sustain a conviction, but is only a circumstance to be considered along with the other facts and circumstances. That unexplained possession creates an inference of guilt, which, with other incriminating circumstances, may be sufficient to warrant

conviction. The evidence that defendant left Frederick in the nighttime in this stolen car, with other circumstances narrated, is sufficient to sustain the conviction."

In that case the proof clearly identified the defendant with the taking and possession of the property in the county where the prosecution was had. Here this fact does not appear.

An examination of instructions Nos. 7 and 9, given by the court, did not in an affirmative manner protect the rights of the defendant, but assumed that if certain facts existed, the defendant would be guilty.

It would have been much better to have given the requested instruction offered by the defendant, which affirmatively set forth the facts that should be proven by the state before the jury would be warranted in returning a verdict of guilty. This instruction was as follows:

"You are instructed that if you find from the evidence beyond a reasonable doubt that the defendant knew nothing of the larceny of the cattle described in said indictment, and did not aid, abet or participate in the taking thereof, you should acquit him even though it should appear from the evidence beyond a reasonable doubt that the defendant purchased said cattle and received them after the taking and transporting was completed and he knew they had been stolen."

When this case was set for oral argument in this court, the Assistant Attorney General announced that he did not desire to contend for an affirmance of the case. Since that time, however, he has filed an able brief on behalf of the state. We have carefully examined the brief and do not think the cases cited are similar to the facts as they exist in the instant case. In those cases, the facts connected the defendant with the asportation of the property, sometimes by circumstantial evidence. It would have

42

been better for the defendant to have offered some explanation of the slight circumstances against him in this case, but, in view of the whole record, and the instructions to which reference has heretofore been made, we find that this judgment and sentence should be reversed, and the case remanded to the district court of Coal county.

It is so ordered.

JONES, P. J., and DOYLE, J., concur.