## HATTIE GATEWOOD v. STATE.

No. A-10503. Jan. 9, 1946.

(165 P. 2d 154.)

H. T. Walker and Claude Garrett, both of Muskogee, for plaintiff in error.

Randell S. Cobb, Atty. Gen., Jess L. Pullen, Asst. Atty. Gen., and Douglas Garrett, Co. Atty., of Muskogee, for defendant in error.

BAREFOOT, J.    Defendant, Hattie Gatewood, was charged in the district court of Muskogee county with the crime of robbery with firearms; was tried, convicted and sentenced to serve a term of 15 years in the State Penitentiary, and has appealed.

Numerous errors are assigned, and will be considered.

We deem it important to give a short statement of the evidence as revealed by the record.

Defendant, a negro woman, was charged with the robbery with firearms of Richard A. Harrison, a soldier, stationed at Camp Gruber, on October 2, 1943, and of taking from his person the sum of $31.

The prosecuting witness had attended the fair at Muskogee and was on his way back to the bus station. While going down Second street, defendant came up from behind him, and had what witness thought was a .38 pistol in her hand.  She told the witness to give up his pocketbook.  He took his billfold out of his pocket and pitched it toward her, as instructed.  She picked up the pocketbook, which contained three $10 bills and four quarters.  Defendant went toward Odie Walker's beer joint, on Second street, and Harrison followed, and saw her enter.  He stood across the street, and looked for the military police, but did not see any.  Defendant and a negro man came out of the beer joint, and started down the street.  A police scout car came by, and the witness

stopped this car, and informed the officers that he had been robbed by a negro woman. He had kept his eye on the defendant until she was arrested by the officers. She denied her guilt, and stated she had never seen the prosecuting witness in her life. As she got in the police car, one of the officers saw her place her hand under her dress, and the officers told her to get out of the car, and shake her dress. When she did this, three $10 bills fell from her clothing. When the officers searched her, they found three quarters, two nickels and a dime in her purse.

The prosecuting witness positively identified the defendant as the one who had held the pistol on him and robbed him of his money. Odie Walker, the operator of the beer joint, testified that defendant came into her place of business, around 12.15 at night, and got change for a quarter to play a music box. She gave defendant a dime and three nickels, and defendant handed her back one nickel to put in the music box. This witness saw a $10 bill in defendant's purse, and defendant made the statement that she had plenty of money; that she was out after hours, and would give some man a dollar to walk home with her. The man who started to walk home with her, and who was with her at the time of her arrest, corroborated this testimony, but said he did not get his dollar, as the officers arrested defendant before they got home.

Defendant testified in her own behalf, and denied having robbed the defendant, and placed on the stand several witnesses who testified to her good reputation, and this put her character in issue. Defendant's explanation of having the money was that her husband had given her $15 and she had $17 of her own money, and that she liked to carry big bills.

On rebuttal police officers testified that defendant's reputation for honesty was bad, and that numerous complaints of theft and robbery had been made against her.

It is first contended that defendant was required to enter a plea in the district court in the absence of her attorney. This contention is not sustained by the record. It is noted that on October 13, 1943, the following order was entered:

"Defendant in open court in person and by counsel Claude Garrett and H. T. Walker, waives arraignment and time to plead and enters plea of not guilty. Served with copy of information and list of witnesses. Case set for trial October 27th, 1943, at 9 o'clock a.m."

It is next contended that the court erred in refusing to sustain the motion for continuance filed by defendant, because of the absence of a witness by the name of Mrs. Mack Boyd of Muskogee, Okla. It is unnecessary to go into details with reference to this motion. There is nothing in the record to show due diligence in an effort to secure the presence of this witness. No subpoena was issued for her, and defendant, according to the record, had 14 days to locate this witness and secure her presence or testimony. The motion for continuance was not filed until October 27, 1943, the date the case was set for trial.

The only testimony that was alleged would be given by the witness Mrs. Mack Boyd was that she was with defendant, Hattie Gatewood, at the time the alleged robbery occurred, and that defendant did not commit the robbery.

We find that the court did not err in overruling the motion for continuance.

It is next contended that the court erred in not allowing attorneys for defendant to argue the case for one hour at their request, and that they were limited to only 30 minutes.

Again the record does not substantiate this contention. On pages 84 and 86 of the record, during the hearing on the motion for new trial, the following statements appear:

"The Court: That is all the time you actually took, but the record is not to show that I limited you to any certain time because, as a matter of fact, I couldn't have limited you to any certain time in a capital case of this kind. I told you to take whatever time you desired and to let your conscience be your guide and during the argument I didn't even suggest to anybody that his time was about to be up."

"The Court: You said that you wanted an hour and I told you to take whatever time you wanted and to let your conscience be your guide. In fact, if you had taken two hours, I couldn't have stopped you or attempted to limit your time. Sometimes I ask the lawyers if they can agree upon the time they will take for argument, but unless they agree I do not attempt to limit them and I did not attempt to limit them in this case."

It is further contended that the court erred in giving oral instructions and not giving written instructions in this case.

We have often held that it is the best practice for the court to give written instructions in all cases, both felony and misdemeanors. Yoder v. State, 78 Okla. Cr. 36, 143 P. 2d 160, 161.

We have also held that a case will not be reversed for this reason, if the defendant has waived the right to have the jury instructed in writing, and has agreed to

the giving of oral instructions. Defendant in this case was represented by two able attorneys, H. T. Walker and Claude Garrett. At the close of the testimony, the following appears in the record:

"The Court: Let the record show that the state and the defendant both rest. May it be agreed that I may instruct the jury orally and without the necessity of any written instructions? Mr. Claude Garrett: Yes sir, that will be agreeable with the defendant. Mr. Douglas Garrett (County Attorney): That is perfectly agreeable as far as the state is concerned."

The court then orally instructed the jury, and no request was made or objection taken to the court instructing the jury orally.

In the case of Yoder v. State, supra, we said:

"This is a felony case. The record discloses that the court instructed the jury orally, and not in writing, as provided by the Oklahoma Statutes, section 3057 O. S. 1931; 22 O. S. A. 1941 § 831, which is as follows:

"'6. * * * All instructions given shall be in writing unless waived by both parties, and shall be filed and become a part of the record in the case.'

"The record reveals that counsel for defendant waived his right to have the jury instructed in writing, and agreed that the court instruct them orally. We have held that where this waiver is made, the case will not be reversed by reason of such oral instructions. Elms v. State, 53 Okla. Cr. 268, 10 P. 2d 728; Bird v. State, 22 Okla. Cr. 263, 210 P. 925; Williams v. United States, 8 Cir., 158 F. 30, 88 C.C.A. 296.

"But notwithstanding this, the court has often stated that it was the better practice for the court to instruct the jury in writing, and refrain from giving oral instructions. This is especially true in felony cases, and while it may not be reversible error, as above stated, we again

reiterate that the better practice is for the court to give his instructions in writing, as provided by the statutes. Howard v. State, 39 Okla. Cr. 336, 265 P. 149; Rea v. State, 3 Okla. Cr. 281, 105 P. 386, 106 P. 982; Lunsford v. State, 53 Okla. Cr. 305, 11 P. 2d 539; Bird v. State, 22 Okla. Cr. 263, 210 P. 925; Elms v. State, 53 Okla. Cr. 268, 10 P. 2d 728; Milam v. State, 24 Okla. Cr. 247, 218 P. 168."

The contention that the judgment and sentence is not substantiated by the evidence, and is contrary to law, cannot be sustained. The statement of the evidence heretofore made justifies the verdict of guilty, rendered by the jury. An examination of the record does not justify a reversal of this case, nor a modification of the sentence. The complaint that defendant did not know that her case was set for trial is not sustained by the record, which reveals that it was set in the presence of defendant and her counsel, for October 27, 1943.

For the reasons above stated, the judgment and sentence of the district court of Muskogee county is affirmed.

JONES, P. J., concurs. DOYLE, J., not participating.