## PILCHER v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. February 11, 1902.)

No. 1,043.

1. CRIMINAL LAW—REMOVAL OF SPIRITS—BREAKING LOCK OF WAREHOUSE—
EVIDENCE—FORMER ACQUITTAL OF BREAKING LOCK.

On the trial of one indicted under Rev. St. U. S. § 3296, for the removal and concealment of distilled spirits on which the tax had not been paid, testimony was offered that, on the night before the whisky was removed, accused broke the lock of the warehouse where it was stored. Defendant objected on the ground that he had been indicted under section 3268 for breaking such lock, and at the last term of the court had been tried thereon and acquitted. *Held* that, though such acquittal could be considered by the jury in considering the credibility of the witnesses, it was not ground for excluding the testimony.

2. SAME—IMPRESSION OF WITNESS.

On the trial of defendant for removing whisky on which the tax had not been paid from a distillery warehouse belonging to his father, a witness testified that he was employed by a revenue officer to get up evidence against the guilty parties; that, while concealed under the father's house, witness heard some men discussing the removal of the whisky, and the best way to get out of the trouble, and it was his impression that one of the voices was that of defendant, but he was not quite certain. *Held,* that the admission of such testimony was error.

In Error to the District Court of the United States for the Middle District of Alabama.

Wm. C. Oates, for plaintiff in error.

W. S. Reese, Jr., and J. Sternfeld, for the United States.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

McCORMICK, Circuit Judge. The plaintiff in error was indicted under section 3296 of the Revised Statutes of the United States, which reads:

"Whenever any person removes, or aids or abets in the removal of, any distilled spirits on which the tax has not been paid, to a place other than the distillery warehouse provided by law, or conceals or aids in the concealment of any spirits so removed, or removes, or aids or abets in the removal of any distilled spirits from any distillery warehouse, or other warehouse for distilled spirits authorized by law, in any manner other than is provided by law, or conceals or aids in the concealment of any spirits so removed, he shall be liable to a penalty of double the tax imposed on such distilled spirits so removed or concealed, and shall be fined not less than two hundred dollars nor more than five thousand dollars, and imprisoned not less than three months nor more than three years."

There were five separate counts in the indictment, each charging different ones of the specific acts against which this section denounces a penalty. The verdict in the case was, "We, the jury, find the defendant guilty as charged in the indictment;" and the judgment and sentence ordered that the defendant be imprisoned in the state prison at Nashville, in the state of Tennessee, for the term of two years, and pay a fine of $500 and costs. The defendant brought this writ of error. Numerous errors are assigned, but we notice only two.

The United States offered to prove by the witnesses Rees Pilcher and Henry Pilcher that, on the night before the whisky was removed from the warehouse, the defendant broke the lock of the warehouse, or drew out the staple to the lock with a road pick. To the admission of this evidence the defendant objected on the ground that he had been indicted for breaking the lock, and had been tried thereon at the previous term of the court and had been acquitted, and that this evidence was irrelevant in this case, and calculated to confuse, mislead, and prejudice the jury against him. The court overruled the objection, and the defendant duly excepted. He assigns this as one of the grounds of error. The transactions were so close together in point of time, and so nearly related in their character, that the evidence offered would have been clearly admissible if the case then on trial for a violation of section 3296 had been heard before the trial and judgment in the case against the defendant brought under section 3268, which reads:

"Every person who destroys, breaks, injures, or tampers with any lock or seal which may be placed on any cistern-room or building by the duly authorized officers of the revenue, or opens said lock or seal, or the door to said cistern-room or building, or in any manner gains access to the contents therein, in the absence of the proper officer, shall be fined not less than five hundred dollars nor more than five thousand dollars, and imprisoned not less than one year nor more than three years."

While the judgment of acquittal in that case would be a bar against any further effort to punish him for a violation of section 3268, and could rightfully be considered by the jury in passing upon the credibility of the witnesses testifying on this trial, it was not ground for sustaining the objection to the introduction of the testimony offered. This assignment of error is not well taken.

The United States offered to prove by one John Harmon that about one week after the burning of the distillery warehouse, while he was in the employment of a revenue officer, and charged, as such employé, to get up evidence against the guilty parties, he crawled under Richard Pilcher's house one night, and overheard some other men talking with Richard discussing the removal of the whisky, the destruction of the warehouse, and the best way to get out of the trouble, and that it was his impression that one of the voices he heard talking was that of the defendant, with whom he was acquainted; but of this he was not certain, and he could not say it was the defendant's voice because he did not see him. The defendant objected to the admission of this evidence on the ground that it was too indefinite, and did not tend to prove the defendant's actual presence or participation in the conversation. The court overruled the objection, the evidence was admitted, and the defendant excepted. This action of the court is assigned as error. The bill of exceptions shows that the distillery warehouse was a legal one; that there were a number of packages of whisky therein, subject to the tax imposed by the laws of the United States, on which the tax had not been paid; that the warehouse was destroyed by fire on the night of July 5, 1899; that, soon after the burning, six or seven barrels of this whisky, which had been in the warehouse, and on which the tax had not been paid, were found concealed

in Rees Pilcher's potato patch; that this Rees Pilcher had also been indicted for removing and concealing this whisky, and on a day prior to this trial had pleaded guilty to that indictment; that the distillery at which the whisky was made, and the warehouse that was burned, belonged to Richard Pilcher, and that steam to run the distillery was supplied by means of a pipe from the boiler of the sawmill of the defendant, situated 300 feet distant from the distillery. The defendant's dwelling house, in which he and his family resided at the time the offense was committed, was situated half a mile distant from the distillery and the warehouse. The objection to the admissibility of John Harmon's testimony was that it was too indefinite, and did not tend to prove the defendant's actual presence or participation in the conversation. This seems to present, somewhat vaguely, two grounds of objection: (1) That the witness was not able to identify the defendant by his voice so as to show that he was present in the house under which the witness had placed himself in prosecution of his effort to get up evidence against the guilty parties; and (2) that the witness did not attempt to relate anything that the voice, which impressed him as being that of the defendant, uttered; did not testify to any language, or the substance of any language, used by the defendant, or others present, which would tend to incriminate the defendant, or to incriminate specifically any other person; and hence that the testimony was irrelevant, and should not have gone to the jury for any purpose. It is not expressly stated in the record what was the family relation existing between the various Pilchers mentioned in the record; but it seems to be clearly implied that Richard Pilcher, now deceased, the owner of the distillery and of the warehouse that was burned, was the father of the defendant and of the witnesses Rees and Henry Pilcher. There can be no question that a witness will be allowed to identify a person by his voice if able to do so; that is to say, the testimony is competent to be considered by a jury. And if the presence of the defendant at his father's house a week after the removal of the whisky and the burning of the warehouse was a fact which of itself would tend to charge him with the offense, the objection to the testimony that he was identified only by his voice, and that the witness would say no more than that it was his impression that it was the voice of the defendant,—was giving his impression, rather than stating a fact,—would not be well taken. The presence of the defendant at his father's house a week after the commission of an offense at another place does not tend to show that either the defendant or his father, or any other certain person, had committed the offense. The witness was allowed to testify that he, while under Richard Pilcher's house, overheard some other men in the house talking with Richard, and discussing the removal of the whisky, the destruction of the warehouse, and the best way to get out of trouble, and that it was his impression that one of the voices he heard talking was the voice of the defendant. The witness does not give any of the language, or the substance of the language, that impressed him as having been uttered by the voice of the defendant. He does not give any of the language of any of the other persons present in the house that would show, or tend to show, that the

speakers said or implied that the defendant was in the trouble, or that he had any connection with the destruction of the warehouse or with the removal of the whisky. The bill of exceptions shows that much other testimony given on the trial was sharply conflicting as to the guilt of the defendant. While this testimony did not tend to show his guilt, and should have been excluded because irrelevant, in the very nature of the case, and especially in the condition of the proof, it had a tendency to prejudice the minds of the jury against the defendant. The admission of this testimony seems to us to violate fundamental principles too well known to admit of discussion. For this error, the judgment must be reversed.

It is ordered that the judgment of the district court is reversed, and the cause is remanded to that court, with the direction to award the defendant therein a venire de novo.