## 18045

The STATE, Respondent, v. SAM BASS, Appellant

(130 S. E. (2d) 481)

*John Bolt Culbertson, Esq.,* of Greenville, *for Appellant.*

*Robert L. Kilgo, Esq., Solicitor,* of Bennettsville, *for Respondent.*

April 1, 1963.

TAYLOR, Chief Justice.

The Appellant was tried and convicted in the Court of General Sessions for Marlboro County at the July, 1962, Term, upon an indictment charging him with receiving stolen goods, the property of the South Carolina State Highway Department, knowing the same to have been stolen, of the value of $200.00. At the conclusion of the State's evidence, Appellant moved for a directed verdict and after rendition of the verdict moved for a new trial. Both motions were denied and Appellant was sentenced to serve a period of 30 months at hard labor upon the public works of Marlboro County or a like period in the State Penitentiary. Timely notice of intention to appeal to this Court was given and Appellant presents the following seven exceptions:

1. That the trial Judge erred in overruling defendant's motion for a directed verdict of not guilty and in submitting the case to the jury.

2. That the trial Judge erred in overruling defendant's objection to the admission of the five tires alleged to have been stolen and in permitting the same to be admitted in evidence.

3. That the trial Judge erred in overruling defendant's objection to testimony relating to certain cans of paint.

4. That the trial Judge erred in overruling defendant's objection to that portion of the cross examination of the defendant relating to five cans of paint.

5. That the five tires involved in this case were found and taken without a legal search warrant.

6. That for many years, Negroes have been systematically excluded from grand jury duty in Marlboro County.

7. That the sentence in the case was harsh, unreasonable and excessive.

The first question for determination is whether there was error on the part of the trial Judge in overruling the motion for a directed verdict. At the conclusion of the State's evidence, Appellant made motion for a directed verdict; however, no grounds were set forth or argument made in support of the motion. The trial Judge's refusal to grant a directed verdict or a new trial will not be disturbed where there is evidence to support the verdict. *State v. Miller,* 223 S. C. 128, 74 S. E. (2d) 582; *State v. Prince,* 240 S. C. 96, 124 S. E. (2d) 778.

The duty of the Court when considering a motion for directed verdict is not to pass upon the weight of the evidence but to determine its sufficiency to support the verdict. Where there is any evidence on which the jury may justifiably find the existence or nonexistence of material facts in issue, or if the evidence is of such character that different conclusions as to such facts reasonably may be drawn therefrom, the issues should be submitted to the jury, *State v. Rush,* 129 S. C. 43, 123 S. E. 765; *State v. Gellis,* 158 S. C. 471, 155 S. E. 849; *State v. Prince,* 165 S. C. 115, 162 S. E. 777; and the evidence must be considered in the light most favorable to the State, *State v. Brown,* 205 S. C. 514, 32 S. E. (2d) 825; *State v. Thomas,* 222 S. C. 484, 73 S. E. (2d) 722; *State v. Robinson,* 223 S. C. 314, 75 S. E. (2d) 465.

On April 4, 1962, several Federal, State and County agents conducted a search of Appellant's farm, including the house and barn, in Marlboro County. Behind a false wall with a secret door in the barn were found, in addition to several other articles, five new tires and

five·five-gallon cans of paint. There was testimony that the tires found were size 825x20 Mohawk, Superchief tires and were of the same size and make as those previously taken from the South Carolina State Highway Department on two occasions in July, 1961, and March, 1962. One of the tires had the letters "SCHD" stenciled thereon, a method of identification used by the South Carolina State Highway Department. The other four tires had portions of this stencil marking remaining, the rest having been "buffed off."

. Under the circumsatnces, we are of the opinion that the Court was fully warranted in refusing the motion and in submitting the case to the jury as to the tires.

Appellant's second exception asserts that it was error to admit into evidence the five tires, contending there was no evidence showing the tires to have been previously stolen. This exception is closely related to Exception 1 and was disposed of by what we have heretofore related. Further, Appellant's counsel cross examined the State's witnesses thereabout without reservation, thereby waiving any objection he had thereto. *State v. Cavers,* 236 S. C. 305, 114 S. E. (2d) 401; *State v. Puckett,* 237 S. C. 369, 117 S. E. (2d) 369.

Appellant's third exception relates to the five five-gallons cans of paint found behind the false wall and which the indictment charged him with knowingly receiving as stolen goods. The trial Judge, after objection, allowed the State the opportunity to lay the proper foundation for the admission of the five cans of paint in evidence. When the State was unable to do so, Appellant's counsel made further objection which was sustained and the jury was admonished to disregard the testimony as to the paint. Since the objection was sustained and the testimony relative thereto was stricken with instructions to the jury to disregard such testimony, this exception is without merit. *State v. Sharpe,* 138 S. C. 58, 135 S. E. 635; *State v. McMillan,* 144 S. C. 121, 142 S. E. 236; *State v. Blackwell,* 220 S. C. 342, 67 S. E. (2d) 684.

Appellant next contends error in overruling his objection to that portion of the cross examination of the defendant relating to the five cans of paint which the Court refused to admit into evidence. In overruling Appellant's objection, the trial Judge pointed out that the defendant was no longer charged with receiving stolen paint and that cross examination thereon was permitted only for the purpose of testing the credibility of the witness.

It is well settled that the extent of cross examination of a witness is within the trial Judge's discretion and a wide latitude is allowed to test the witness' memory, bias, prejudice, interest or credibility. In *State v. Maxey*, 218 S. C. 106, 62 S. E. (2d) 100, the rule is stated as follows: "* * * The general range and extent of cross examination is within the discretion of the trial judge, subject to the limitation that it must relate to matters pertinent to the issue, or to specific acts which tend to discredit the witness or impeach his moral character. The discretion of the trial court in allowing cross examination is not subject to review except in cases of manifest abuse or injustice.* * *"

Appellant on direct examination admitted possession of the paint and testified as to how he came into its possession. Cross examination relative thereto was not an abuse of discretion but entirely proper.

Appellant also alleges that the sentence imposed was harsh, unreasonable and excessive. This Court has no jurisdiction to correct a sentence alleged to be excessive when it is within the limits prescribed by law. The 30-months sentence was imposed pursuant to Section 17-553, Code of Laws of South Carolina, 1962, and being within the limits of its provisions, this Court is without authority to change the sentence. *State v. King*, 222 S. C. 108, 71 S. E. (2d) 793; *State v. Fleming*, 228 S. C. 129, 89 S. E. (2d) 104; *State v. Conally*, 227 S. C. 507, 88 S. E. (2d) 591.

The questions sought to be raised by Exceptions 5 and 6 were not presented or passed upon in the lower Court and will not be considered here for the first time on appeal. *State v. Burnett,* 226 S. C. 421, 85 S. E. (2d) 744. Further, there is no evidence tending to substantiate Appellant's contention as to Exception 6. See *State v. Waitus,* 224 S. C. 12, 77 S. E. (2d) 256; and *State v. Worthy,* 239 S. C. 449, 123 S. E. (2d) 835.

For the foregoing reasons, we are of opinion that the judgment and sentence appealed from should be affirmed; and it is so ordered. Affirmed.

Moss, Lewis, Bussey and Brailsford, JJ., concur.