18178

The STATE, Respondent, v. Sam J. HENNETT, Appellant

(135 S. E. (2d) 225)

*Messrs. Thomas W. Whiteside, James O. Thomason* and *T. Louis Cox,* of Spartanburg, *for Appellant,*

*Messrs. John H. Nolen, Solicitor, Claude A. Taylor, Jr., Assistant Solicitor* and *LeGrand Rouse, II,* of Spartanburg, *for Respondent,* cite:

March 9, 1964.

BRAILSFORD, Justice.

The appellant, Sam J. Hennett, was convicted in the Court of General Sessions for Spartanburg County of the crime of voluntary manslaughter and sentenced to 10 years imprisonment and this appeal followed.

At the conclusion of the State's evidence, appellant moved for a directed verdict of not guilty and also that the charge be reduced from murder to manslaughter. Both motions were denied and error is assigned.

In considering the question of whether the trial court erred in refusing to direct a verdict in favor of appellant, the evidence and the inferences which may be reasonably drawn therefrom must be viewed in the light most favorable to the State. *State v. Riley,* 219 S. C. 112, 64 S. E. (2d) 127.

Appellant operated a tavern known as the Rainbow Grill located on the corner of Kennedy and South Liberty Streets in the City of Spartanburg. On the night of October 5, 1962, appellant arrived at the Rainbow Grill shortly before 11:00 P. M. for the purpose of checking on the business, as was his custom. He was seated in a booth with two customers and was not wearing an apron or other clothing which would tend to identify him with the management or operation of the establishment. Shortly after 11:00 P. M., the deceased, Charles H. Spears, a 5' 8", 163 pound, 44-year-old man, entered the grill. He was neatly dressed and clean shaven and carried in his right hand, extended down beside his leg, an iron bolt, weighing approximately 4 or 5 pounds. The tavern was relatively full of customers and Spears, upon entering, paused inside the entrance as though looking for something or somebody. He appeared to be nervous with an unusual look about him. After surveying the room, Spears walked to the men's restroom. He tried to open the door and, finding it locked, turned and walked back across the room to a place near the entrance. A minute or so later he walked back to the restroom, opened the door and entered. Shortly thereafter, Wade Prickett, a customer who had been sitting with appellant, started into the restroom. In the meantime, appellant had walked across the room and obtained a pistol from behind the counter, which he put in his pocket. Appellant then walked to the restroom, pulled Prickett out of the doorway and entered. A few seconds later a shot was fired resulting in Spears' death. Appellant was next seen backing out of the restroom with the pistol in his right hand and the bolt in his left.

No evidence was presented that Spears, while in the tavern, said anything to anyone, created any disturbance or made any gesture with the bolt which he kept down by his side. The restroom where Spears was killed is approximately 9 feet long and divided into two parts, the portion closest to the door is 2′ 9″ wide, with a washbasin protruding out into this, leaving 15 inches of space in which to pass between the basin and wall. The rear part of the restroom widens to approximately 4 feet and contains a commode. There is a frame between the two sections of the restroom but no door. The only exit and entrance to the restroom is through the same door. Spears was standing to the rear of the washbasin when shot, the bullet entering his left side and traveling on a level course to where it lodged under the skin in his right side. The path of the bullet was through the lower portion of the left lung, through the base of the heart and through the lower part of the right lung, level with the top of the seventh rib.

Appellant argues that the trial judge erred in failing to direct a verdict in his favor on the grounds that he was acting in self-defense while being assaulted in his own place of business, that deceased was acting in a peculiar and menacing manner with a deadly weapon in his hand and appellant owed a legal duty to his patrons to keep order and to protect them from bodily harm.

Under the foregoing circumstances, the trial judge committed no error by refusing appellant's motions and submitting the case to the jury, which was fully charged as to appellant's theory of the case including the rights and duties which arose out of his status as proprietor of a business establishment, and the right of self-defense.

Appellant's final exception raises the question of whether the trial judge erred in refusing the motion to reduce the charge from murder to manslaughter. There is no merit in this exception as it is apparent from the facts stated

above there was sufficient evidence to warrant submitting the offense of murder to the jury.

Affirmed.

Moss, Lewis and Bussey, JJ., concur.

Taylor, C. J., not participating.