### 18271

The STATE, Respondent, v. Willie Clarence SMITH, Appellant

(138 S. E. (2d) 705)

60

*Clement L. McEachern, Esq.,* of Greenville, *for Appellant,*

*Messrs. Daniel R. McLeod, Attorney General,* and *Grady L. Patterson, Jr., Assistant Attorney General,* of Columbia, and *B. O. Thomson,* of Greenville, *for Respondent.*

November 6, 1964.

TAYLOR, Chief Justice.

Appellant was tried and convicted in the Court of General Sessions for Greenville County upon an indictment charging him with burglary and housebreaking. At the conclusion of the State's evidence, motion for a directed verdict was made and denied; however, after conviction of burglary, no motion was made for a new trial and Appellant was sentenced to 5 years in the State Penitentiary and 5 years probation. Appellant contends that the trial Judge erred in his charge to the jury, in overruling an objection to certain testimony, and in refusing his motion for a directed verdict as the evidence is insufficient to sustain his conviction.

The record reveals that at the conclusion of his charge to the jury the trial Judge, in the absence of the jury, afforded counsel an opportunity to make any objection to the charge given or to request additional instructions. No objection or request was made. By failing to object or request additional instructions, Appellant waived any right that he may have had to a fuller charge. *State v. Jamison,* 221 S. C. 312, 70 S. E. (2d) 342; *State v. Jones,* 228 S. C. 484, 91 S. E. (2d) 1; *State v. Hollman,* 232 S. C. 489, 102 S. E. (2d) 873; *State v. Jacobs,* 238 S. C. 234, 119 S. E. (2d) 735. Examination of the charge to the jury, however, reveals that the trial Judge fully charged the law applicable to the offenses with which Appellant was charged.

Appellant objected to certain testimony relating to a statement allegedly made by him immediately after the crime was committed and was overruled. This he contends was error.

The general rule is that the admission of evidence is largely within the discretion of the trial Court and in order to constitute reversible error in the admission thereof, the accused must be prejudiced thereby; and the burden is upon him to satisfy this Court that there was prejudicial error. *State v. Smith,* 230 S. C. 164, 94 S. E. (2d) 886; *State v. Bullock,* 235 S. C. 356, 111 S. E. (2d) 657; *State v. Hyder,* 242 S. C. 372, 131 S. E. (2d) 96.

After the testimony complained of had been admitted in evidence over objection, counsel cross examined the witness thereabout without reserving the objection previously made. The objection was thereby lost and if any· error had been committed in the admission of the testimony, it was cured. *State v. Cavers,* 236 S. C. 305, 114 S. E. (2d) 401; *State v. Puckett,* 237 S. C. 369, 117 S. E. (2d) 369; *State v. Bass,* 242 S. C. 193, 130 S. E. (2d) 481. Furthermore, several other witnesses without objection testified as to the same statement attributed to Appellant, and the same testimony was covered on direct examination of Appellant without preserving any rights under his objection.

At the close of the State's case, Appellant made motion for a directed verdict on the ground of alleged insufficiency of the evidence. In considering whether the trial Court erred in not directing a verdict in favor of Appellant, we must view the testimony in the light most favorable to the State. *State v. Hennett,* 243 S. C. 612, 135 S. E. (2d) 225. The Court, in passing upon a motion for a directed verdict, is concerned with the existence or nonexistence of evidence, not its weight. If there is any competent evidence which reasonably tends to prove the fact in issue the case must be submitted to the jury. *State v. Young,* 243 S. C. 187, 133 S. E. (2d) 210; *State v. Bass,* 242 S. C. 193, 130 S. E. (2d) 481.

On the night of May 10, 1962, at approximately 11:15 P. M., the residence of W. J. .Leopard of Greenville, South Carolina, was entered through a window opening into a bedroom occupied by Leopard's 2 teenage daughters. Although the 2 girls were asleep at the time, an overhead light was on in the room. The girls awakened and started screaming. The Appellant, who lives approximately 4 houses from the Leopard home, was recognized and positively identified by both girls. The older girl, approximately 17 years of age, testified that it appeared as though Appellant was entering the window to come toward her.

We are of opinion that the evidence in this case fully warranted the trial Judge's refusal of the motion for directed verdict and submission of the case to the jury, that the sentence appealed from should be affirmed, and it is so ordered.

Affirmed.

Moss, Lewis, Bussey and Brailsford, JJ., concur.