## STATE v. YANDLE J. CALLOWAY.

(Filed 19 October, 1966.)

Criminal Law § 83—

Where defendant on cross-examination has admitted indictment, trial and conviction in nine other prosecutions of like nature, it is error for the court to exclude defendant's testimony in explanation that upon appeal in all of the convictions they were reversed or the charges dropped.

APPEAL by defendant from McLean, J., March 7, 1966 Regular A Session, MECKLENBURG Superior Court.

The defendant, Yandle J. Calloway, was indicted, tried and convicted of the crimes of purse snatching and assaults on the arresting officers. The victim of the larceny testified that she stopped at the Toddle House for coffee on her way home from work on July 27, 1965. The time was approximately 3:30 in the morning. After she left the Toddle House to go to her automobile, she saw a man standing by the end of the building. "I stopped, turned around, and started to run back inside. He grabbed my bag and went across Independence Boulevard." The bag contained eight or nine dollars in money and "other things of value to me. . . . It was returned to me next day at the Police Station."

From the Toddle House she called the police, giving a description of the purse snatcher. Police headquarters immediately gave the description over the radio. The patrolling officers began an immediate search. After some difficulty in which the defendant assaulted the officers with a piece of brick, striking another on the chin with a piece of concrete, and throwing sand in the eyes of another, the officers completed the arrest.

The defendant, on cross-examination, admitted he had been tried, convicted, and sentenced in nine cases of purse snatching. By way of explanation he attempted to testify that in each case he obtained a new trial, was either acquitted or the prosecution was abandoned. On the solicitor's objection, the court excluded this explanatory testimony. The exclusion is the subject of Exception No. 6. On the purse snatching charge the court imposed a prison sentence of not less than nine nor more than ten years. On one of the assault charges he imposed a sentence of one year to begin at the expiration of the 9-10 years sentence. The defendant excepted and appealed.

T. W. Bruton, Attorney General, Harry W. McGalliard, Deputy Attorney General for the State.

Wm. H. Abernathy for defendant appellant.

PER CURIAM. The defendant's pleas of not guilty cast upon the State the burden of proving guilt beyond a reasonable doubt. The State's evidence was amply sufficient to go to the jury and to support the verdicts. The court was correct in overruling the motions to dismiss. The defendant pleaded not guilty and testified, contradicting the State's evidence on the essential elements of all the charges. This conflict in the testimony was for jury resolution.

On cross-examination, the defendant had admitted indictment, trial, and conviction in nine cases of purse snatching. After these damaging admissions he offered to testify that in all cases he appealed, obtained new trials, and was subsequently acquitted or the charges were dropped. On the solicitor's objection, Judge McLean excluded this testimony. The court committed prejudicial error in excluding the explanation that upon appeal all convictions were reversed and verdicts of not guilty entered or the cases dropped. For this error the defendant is entitled to a new trial on all charges.

New trials.