19358

The STATE, Respondent, v. Hugh Wayne HOFFMAN, Appellant
(186 S. E. (2d) 421)

Bussey, J., dissented and filed opinion.

*Messrs. Clyde C. Dean,* Orangeburg, *Henry Hammer,* and *Howard B. Hammer,* Columbia, *For Appellant,* cite: ▪

464

*Messrs. Daniel R. McLeod, Atty. Gen., C. Tolbert Goolsby, Jr., Asst. Atty. Gen.,* Columbia, and *Julian S. Wolfe, Sol., for Respondent,* cite:

January 17, 1972.

Moss, Chief Justice:

The Town of St. Matthews, on May 14, 1970, issued warrants charging Hugh Wayne Hoffman, the appellant herein, with (1) creating excessive noise in the operation of a motorcycle; (2) operating his motorcycle too fast for conditions; and (3) failing to stop his motorcycle when signaled to do so by an officer by means of a flashing light in violation of Section 46-359 of the Code. The first two charges above stated were tried in the Municipal Court of the Town of St. Matthews and a jury found the appellant not guilty.

Thereafter, the appellant was indicted and tried at the 1971 February Term of the Court of General Sessions for Calhoun County, before the Honorable James A. Spruill, presiding judge, and a jury, upon the charge of violating Section 46-359 of the Code. During the course of the trial, the appellant made several motions, to which reference will hereinafter be made, and all such motions were refused. The jury found the appellant guilty as charged. This appeal followed.

Based upon such prior acquittals in the Municipal Court of the Town of St. Matthews of the offenses of speeding and making excessive noise, the appellant interposed the plea of double jeopardy as a bar to the present prosecution. The lower court refused to sustain the plea and the question for determination here involves the correctness of this ruling.

In the recent case of *State v. Hill,* 254 S. C. 321, 175 S. E. (2d) 227, the appellants were convicted in the Municipal Court of the City of Greenville of the offense of disorderly

conduct. Thereafter, they were tried in the Court of General Sessions for Greenville County upon a charge of assault and battery of a high and aggravated nature. They interposed the plea of former jeopardy as a bar to such prosecution. The trial judge refused to sustain such plea and from a conviction the appellants prosecuted an appeal to this Court. In disposing of the plea of former jeopardy this Court said:

"The United States Supreme Court has recently decided that the double jeopardy clause of the Fifth Amendment to the Federal Constitution is now applicable to the States through the Fourteenth Amendment, *Benton v. Maryland,* 395 U. S. 784, 89 S. Ct. 2056, 23 L. Ed. (2d) 707. In doing so, the prior contrary holding in *Palko v. Connecticut,* 302 U. S. 319, 58 S. Ct. 149, 82 L. Ed. 288, was overruled.

"Following *Benton,* the case of *Waller v. Florida,* 397 U. S. 387, 90 S. Ct. 1184, 25 L. Ed. (2d) 435, was decided. *Waller* held the separate sovereignty rule inapplicable between two courts within the same State and sustained a plea of double jeopardy to the subsequent prosecution of a defendant in the State Court, where he had been previously convicted in a municipal court for the identical offense.

"However, these decisions do not impinge upon the settled rule, applicable here, that the provisions against double jeopardy apply only to a second prosecution for the same act and crime, both in law and fact, for which the first prosecution was instituted."

The test generally applied is whether the evidence necessary to support the second indictment would have been sufficient to procure a legal conviction upon the first indictment. *State v. Steadman,* 216 S. C. 579, 59 S. E. (2d) 168.

The evidence that one was speeding or making excessive noise would not be sufficient to convict one for failure to stop when signaled by any law enforcement vehicle by means of a siren or flashing light. Evidence that a driver of a motor

vehicle did not stop for a flashing light or siren would not be sufficient to convict a driver of speeding or creating excessive noise.

Prohibition against double jeopardy does not apply when two separate and distinct crimes are committed in the same transaction or related acts even though the crimes are so closely connected in point of time that it is impossible to separate the evidence related to them. 1 Wharton's Criminal Law and Procedure, Section 145, Pages 347-348.

In the instant case the only issue of ultimate fact to be determined is whether the appellant failed to stop for the flashing light or siren. Prosecution here was not for the same act and crime for which the appellant was prosecuted in the Municipal Court of the Town of St. Matthews.

The lower court was correct in refusing to sustain the appellant's plea of double jeopardy.

A police officer of the Town of St. Matthews testified in the trial concerning the speed and excessive noise made by several motorcycles being operated over the streets of the said town. He further testified that he turned on his "Blue Light" in an effort to stop the riders of the motorcycles and they failed to heed the signal so given. This officer then gave a signal to stop by means of his siren. One of the riders, Harry Truman Burns, did stop when a signal was given by means of a siren. Burns was called as a witness in behalf of the State. The record shows that he had testified in a previous trial and had identified the appellant as one of the several persons who were operating motorcycles at the time in question. At the trial Burns, upon the advice of appellant's counsel, refused to answer and invoked the Fifth Amendment on the ground that the witness, on the basis of his admission, could be prosecuted for the violation of Section 46-359. The trial judge ruled that on the basis of the testimony of the officer that Burns had stopped his motorcycle when a

signal was given by the siren on the officer's vehicle, that the witness could not be convicted of a violation of the aforesaid section. The State further granted the witness full immunity from any prosecution under Section 46-359. The court declared the witness to be hostile and allowed the State to cross-examine. He then identified the appellant as an operator of a motorcycle at the time in question.

The examination of the witness Burns by counsel for the appellant was extensive and covers about ten pages of the transcript. The witness testified in response to questions propounded by counsel for the appellant that he along with the appellant and one Glenn Rucker were riding their motorcycles in and near the Town of St. Matthews on the night of May 13, 1970. He stated that one of the riders gave out of gasoline and they went to a filling station and store operated by a man named Spires to replenish the gasoline supply. While there he stated that the police officer in question came up and used profane language toward them, stating, "I want these damn motorcycles out of town." He further testified that they were riding their motorcycles at a normal rate of speed without creating any loud noise. He further stated that the motorcycles were equipped with regular mufflers. We quote the following from the testimony given during this examination:

"Q. And about how fast were you driving? The three of you. were you driving within the speed limit?

"A. Yes, sir.

"Q. How much would that be? About twenty-five miles an hour?

"A. I was running right at twenty-five.

"Q. And who was in front of you?

"A. Mr. Rucker and Hugh Wayne.

"Q. And who was in front of Mr. Rucker?

"A. They was side by side."

This witness admitted that they had circled a block in the Town of St. Matthews four times and that as they proceeded

down a street in said town and when he was 50 or 75 yards from turning off he saw the blue light. This witness admitted that he was arrested and taken to jail for creating excessive noise in the operation of his motorcycle and driving it too fast for conditions. He said that he was bailed out of jail by Glenn Rucker who was accompanied to the jail by the appellant. He stated that the officer did not say anything to Rucker or Hoffman about having violated the law in any way. He testified again that neither of these men were speeding in the operation of their motorcycles.

During the examination of Burns, he was asked the following:

"Q. You were right behind these men according to your testimony, what was their speed?

"A. They would have been going the same thing I was, because I was keeping right up with them.

"Q. That would be between twenty-five and thirty miles an hour?

"Mr. Goolsby: If Your Honor please, we object to that. Counsel is leading.

"The Court: Yes, sir. You are leading the witness."

Counsel for the appellant took the position that Burns was a witness for the State and his cross-examination of such witness could not be limited. The court ruled that he had declared Burns a witness hostile to the State, and favorable to the appellant, and because of such the appellant was limited in his cross-examination. The appellant assigns error in this ruling.

We have held that the general range and extent of cross-examination is within the discretion of the trial judge, subject to the limitation that it must relate to matters pertinent to the issue, or to specific acts which tend to discredit the witness or impeach his moral character. The discretion of the trial court in allowing examination is not subject to review except in the case of manifest abuse or injustice. *State v. Maxey,* 218 S. C. 106, 62 S. E. (2d) 100

and *State v. Bass,* 242 S. C. 193, 130 S. E. (2d) 481. The reason for the rule permitting leading questions to an adverse witness on cross examination is the assumed hostility of such witness to the cross-examiner's cause; and where an adverse witness is shown to be friendly toward or biased in favor of the cross-examiner the reason for the rule ceases to exist and leading questions may not be used in examining such witnesses. 38 A. L. R. (2d), at Page 954. As is shown above, the witness had already testified in answer to a leading question that they were operating the motorcycles at 25 miles per hour. Since the appellant had already obtained this information before he propounded the leading question as to the speed at which the motorcycles were being operated, he suffered no prejudice by the ruling of the trial judge in restricting the examination.

Assuming error on the part of the trial judge, the appellant cannot avail himself of such as a ground for reversal where the error has not been prejudicial to him. *State v. Hariott,* 210 S. C. 290, 42 S. E. (2d) 385.

The appellant has made no offer of proof at the trial and does not indicate here why the denial of the right to ask leading questions prevented him from eliciting any necessary or relevant information. *United States v. Bensinger Co.,* 8 Cir., 430 F. (2d) 584.

The trial judge here did not prevent appellant's counsel from cross-examining the witness Burns but did nothing more than limit the manner of such examination. In so doing, he committed no error nor did he abuse his discretion.

The appellant alleges error on the part of the trial judge in refusing his motion for a directed verdict made upon the ground that the failure to stop a motor vehicle when signaled so to do by an officer, in the absence of a violation of the law to warrant the giving of the signal, does not constitute a violation of Section 46-359 of the Code.

Section 46-359 of the Code provides:

"It shall be unlawful for any motor vehicle driver, while driving on any road, street or highway of the State, to fail

to stop when signaled by any law-enforcement vehicle by means of a siren or flashing light. Any attempt to increase the speed of a vehicle or in other manner avoid the pursuing law-enforcement vehicle when signaled by a siren or flashing light shall constitute *prima facie* evidence of a violation of this section. Failure to see the flashing light or hear the siren shall not excuse a failure to stop when the distance between the vehicles and other road conditions are such that it would be reasonable for a driver to hear or see the signals from the law enforcement vehicle."

In order to establish a violation of Section 46-359 of the Code (Blue Light Law), according to the plain meaning of the statute, the State must show (1) that the defendant was driving a motor vehicle; (2) that he was driving it on a road, street or highway of this State; (3) that he was signaled to stop by a law enforcement vehicle by means of a siren or flashing light; and (4) that he did not stop. The statute does not make a violation of another law by the defendant prior to being signaled to stop, an element of the offense created by Section 46-359. We find no error on the part of the trial judge in refusing the motion of the appellant for a directed verdict on the ground stated.

While the State was presenting its case the police officer testified that the motorcycles, while being operated, were making excessive noise and exceeding the speed limit. Counsel for the appellant objected to this testimony and such was overruled. After the testimony complained of had been admitted over the objection of counsel for the appellant, he cross examined the witness thereabout without reserving the objection previously made. The objection was thereby lost and if any error had been committed in the admission of the testimony, it had been cured. *State v. Motley*, 251 S. C. 568, 164 S. E. (2d) 569.

It is the position of the appellant that the court erred in refusing to allow him to prove his acquittal in the Municipal Court of St. Matthews of the charges of creating excessive

noise in the operation of his motorcycle and operating such at a speed too fast for conditions.

The State never offered any testimony that the appellant had been charged with any violation of the ordinances of the Town of St. Matthews. The appellant, through one of his witnesses, placed evidence in the record that he had been charged with operating a motorcycle too fast for conditions and creating excessive noise in the operation thereof and this same witness attempted and did state that the appellant was "found innocent of the charges." The trial judge had previously ruled and told the jury that they were not concerned with any traffic violation arising in connection with this case. He further instructed them that their only concern was whether the appellant had violated Section 46-359 of the Code. He told the jury that the appellant is charged with violating the cited statute and that they were not concerned with any cases for excessive noise or speeding. As a matter of fact, the record shows that, in the absence of the jury, the trial judge held the witness in contempt for making the voluntary statement that the appellant had been acquitted on the traffic violation in the Municipal Court.

The only material issue here is whether or not the appellant did, in fact, fail to stop for a flashing light or siren as required by Section 46-359 of the Code. The fact that the appellant was acquitted of the offenses of speeding and creating excessive noise had no bearing on the question of whether he failed to stop for the flashing light or siren. The fact that the appellant was acquitted of the above charges proves neither that he stopped nor that he failed to stop.

Evidence is admissible if it logically or reasonably tends to prove or disprove a crime charged or any fact material to the issue. As is heretofore stated, Section 46-359 does not make a violation of another law by the defendant, prior to being signaled to stop, an element of the offense.

In the case of *Nordgren v. United States*, 181 F. (2d) 718, 12 Alaska 671, the defendant was indicted for offering

and giving a bribe to a patrol officer of the wildlife service with the intention of inducing the agent to refrain from reporting that the appellant had fished for salmon illegally in a closed area. It appears from the record that the appellant was acquitted of the charge of illegal fishing in the closed waters. On the bribery prosecution the court refused to admit proof of the appellant's acquittal of the charges of illegal fishing. Error in this ruling was alleged. In affirming such ruling the court held that evidence as to what disposition another jury had made of a different charge was without value since it was not known what consideration induced the verdict. It was further stated that it was without real worth but its admission would have a positive tendency to confuse or mislead the jury.

It is our conclusion that there was no error on the part of the trial judge in refusing to admit the proffered testimony.

The appellent asserts error on the part of the trial judge in charging the jury, "Any attempt to increase the speed of a vehicle * * * when signaled by siren or flashing light shall constitute *prima facie* evidence of a violation of this Section." The error being "that there was an absence of any attempt by the defendant to increase the speed of his motorcycle when signaled by a siren or flashing light." It is alleged that the charge of the court was inapplicable to any of the facts in the case.

The trial judge, in his charge to the jury, read Section 46-359 of the Code, this being the statute which the appellant was charged with violating. The trial judge, after having read the statute, instructed the jury that they were concerned with one thing only, and that was whether the appellant failed to stop when he was signaled by a blue light or by a siren, either or both, those signals being given by a law-enforcement officer in a law-enforcement vehicle. He further charged the jury, "We are concerned only with the question as to whether this defendant here on trial was sig-

naled by Officer Hayes to stop, and whether he failed to obey that signal, and instead of obeying it and stopping, whether he went on and failed to stop."

Even though the trial judge had read in full Section 46-359 of the Code to the jury, he limited the application thereof to the sole question of whether the police officer had given the signal to the appellant by a flashing light or siren and whether the appellant had failed to stop in obedience to such. There was no error in this charge. We have held in a number of cases that in order to determine whether a trial judge committed error in his charge, the charge must be considered as a whole. *State v. Clamp,* 225 S. C. 89, 80 S. E. (2d) 918. We find no error on the part of the trial judge in his charge to the jury in this case.

The exceptions of the appellant are overruled and the judgment below is,

Affirmed.

LEWIS, BRAILSFORD and LITTLEJOHN, JJ., concur.

BUSSEY, J., dissents.

BUSSEY, Justice (dissenting) :

I am of the view that there was prejudicial error in refusing to allow appellant to prove his acquittal in Municipal Court in the Town of St. Matthews, and that he is, accordingly, entitled to a new trial. The case of *Nordgren v. United States,* 181 F. (2d) 718, 12 Alaska 671, relied upon for a contrary conclusion, appears to represent a distinctly minority view on this question. Shepard's Citations indicates that it has never been followed or cited with approval, and the only other decision in accord, coming to the attention of the writer, is the North Dakota case of *State v. Heaton,* 56 N. D. 357, 217 N. W. 531. There is an annotation on the point in 86 A. L. R. (2d) commencing at page 1132. The following pertinent language is quoted from page 1135,

"The numerical weight of authority has adopted the rule that the acquittal of a defendant of another offense does not

render proof of that offense inadmissible at a later criminal trial where such proof is otherwise competent. Most courts following the rule hold that where proof of another offense has been admitted, the defendant is entitled to prove his acquittal. *But strangely enough* there is also authority to the contrary." (Emphasis added.)

Directly *contra* to the *Nordgren* decision is that of the Fifth Circuit in *Pilcher v. United States,* 113 F. 248. There the defendant was charged with removing distilled spirits, on which the tax had not been paid, from a warehouse. He had been previously acquitted of the charge of breaking the lock on the warehouse. It was held, over objection, that evidence as to the breaking of the lock was admissible and that the judgment of acquittal "could rightfully be considered by the jury in passing upon the credibility of the witnesses testifying on this trial * * *." The foregoing annotation rather clearly shows, I think, the complete weight of all well reasoned authority to be in accord with *Pilcher,* rather than with *Nordgren.*

Cases in accord with *Pilcher,* subsequent to the annotation, include *People v. Griffin,* 66 Cal. (2d) 459, 58 Cal. Rptr. 107, 426 P. (2d) 507, cited in appellant's brief; *State v. Calloway,* 268 N. C. 359, 150 S. E. (2d) 517; *Womble v. State,* 8 Md. App. 119, 258 A. (2d) 786. In the last cited case it was held that the defendant had been denied due process of law by the exclusion of the evidence of the acquittal of the prior offenses and that the error being of constitutional dimension, the court could not say that it was harmless beyond a reasonable doubt within the rule set forth in *Chapman v. California,* 386 U. S. 18, 87 S. Ct. 824, 17 L. Ed. (2d) 705, 24 A. L. R. (3rd) 1065.

A South Carolina case very nearly, though not precisely, in point is that of *State v. Houston,* 17 SCL (1 Bailey) 300. The defendant there was charged with uttering a forged note, he having been acquitted at the preceding term on a charge of uttering another forged note. Evidence was ad-

mitted tending to prove both the first offense and his acquittal thereof, the defendant contending that evidence of the first offense should not have been admitted. The court held that evidence of the first offense was admissible despite the acquittal, but recognized that the proof of the acquittal might weaken the force of the State's evidence.

In addition to its bearing upon the weight of the State's evidence and the credibility of the State's witnesses, the judge in his charge recognized, correctly I think, that whether or not the defendant had done, or was doing, anything wrong might well bear on the question of whether he knew, or had reason to believe, that the blue light and siren were intended for him. The facts of the instant case demonstrate rather clearly to my mind the soundness of the rule that the acquittal of the former charges was relevant and admissible as bearing upon the weight of the State's evidence. The record discloses gross conflicts, exaggerations and incredibilities in the State's evidence. St. Matthews is a relatively small town with the result that the prosecuting officers had to be rather well known to the town jurors. While we cannot know precisely what consideration or considerations induced the verdict of the town jury, at least one reasonable inference is that jurors who knew the officers well were simply not convinced by their testimony.

Prejudicial effect of the erroneous exclusion in the instant case was enhanced by the fact that the manner in which the objection to the evidence of acquittal happened to be made and disposed of could well have left the jury with the false impression that appellant in fact had been convicted rather than acquitted in municipal court.