**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Shireen Nicole Simmons, Appellant,

v.

The State of South Carolina, Respondent.

Appellate Case No. 2019-001149

---

Appeal From Orangeburg County
The Honorable Edgar W. Dickson, Circuit Court Judge

---

Memorandum Opinion No. 2020-MO-013
Submitted October 15, 2020 – Filed November 12, 2020

---

**AFFIRMED**

---

Jason Scott Luck, of Luck VI Ltd. Co. d/b/a Jason Scott Luck, Attorney at Law of Bennettsville, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Attorney General David A. Spencer, both of Columbia, for Respondent.

---

**PER CURIAM:** Shireen Nicole Simmons appeals her conviction for a traffic violation in municipal court pursuant to Rule 203(d)(1)(A)(ii), SCACR. We affirm Simmons' conviction pursuant to Rule 220(b)(1), SCACR, and the following authorities:

1. As to Simmons' claim section 14-25-95 of the South Carolina Code is unconstitutional because the court of common pleas lacks subject matter jurisdiction to hear criminal appeals from municipal court, our state constitution grants the General Assembly the ability to determine the appellate jurisdiction of circuit courts, and the General Assembly has done so. S.C. Const. art. V, § 11 ("The Circuit Court shall be a general trial court with original jurisdiction in civil and criminal cases, except those cases in which exclusive jurisdiction shall be given to inferior courts, and *shall have such appellate jurisdiction as provided by law*.") (emphasis added); S.C. Code Ann. § 14-25-95 (2017) ("Any party shall have the right to appeal from the sentence or judgment of the municipal court to the Court of Common Pleas of the county in which the trial is held."). *See* S.C. Code Ann. § 14-5-340 (2017) ("Circuit judges may hear appeals from magistrates' courts and municipal courts to the court of general sessions and the court of common pleas, upon notice as required by law being given for the hearing of such appeals."); *Town of Mt. Pleasant v. Roberts*, 393 S.C. 332, 343, 713 S.E.2d 278, 283 (2011) ("Clearly, the circuit court had subject matter jurisdiction to hear and determine Roberts's appeal from her municipal court conviction as the Legislature has specifically authorized it to do so.").

2. Concerning Simmons' argument the municipal court committed reversible error because it did not order and pay for a transcript, the municipal court was not required to order or pay for a transcript. S.C. Code Ann. § 14-25-105 (2017) ("In the event of an appeal, the municipal judge shall make a return to the Court of Common Pleas….The return of the municipal judge shall consist of a written report of the charges preferred, the testimony, the proceedings, and the sentence or judgment. *When* the testimony has been taken by a reporter as provided herein, the return shall include the reporter's transcript of the testimony. The return must be filed with the Clerk of the Court of Common Pleas of the county in which the trial was held….") (emphasis added); S.C. Code Ann. § 14-25-195 (2017) ("The *requesting party* shall pay the charges of such reporter for taking and transcribing if such testimony is recorded by a municipal court reporter.") (emphasis added).

3. With reference to Simmons' contention the municipal court committed reversible error because the return does not match court records, Simmons' point is conclusory, and regardless, she did not suffer prejudice as a result. *Brouwer v. Sisters of Charity Providence Hosps.*, 409 S.C. 514, 520 n.4, 763 S.E.2d 200, 203 n.4 (2014) (holding an issue unpreserved for the Court's

review in part because the issue was conclusory and unsupported by authority in the party's brief); *State v. Hariott*, 210 S.C. 290, 298, 42 S.E.2d 385, 388 (1947) (citing *State v. Woods*, 189 S.C. 281, 290, 1 S.E.2d 190, 194 (1939)) ("[I]n appellate procedure[,] an accused cannot avail himself of error as a ground for reversal where the error has not been prejudicial to him. Technical errors or defects, or mere irregularities which do not affect the substantial rights of the accused are generally disregarded….").

4. Regarding Simmons' assertion the municipal court committed reversible error because it did not serve the parties with its return, Simmons discovered the return and filed a motion to strike the return before the hearing on her appeal, and thus, she did not sustain prejudice as a result. *State v. Hoffman*, 257 S.C. 461, 470, 186 S.E.2d 421, 425 (1972) (citing *State v. Hariott*, 210 S.C. 290, 298, 42 S.E.2d 385, 388 (1947)) (stating reversal is warranted only where appellant has demonstrated prejudice she suffered as a result of error). *See* S.C. Code Ann. § 14-25-105 (2017) ("The return must be filed with the Clerk of the Court of Common Pleas of the county in which the trial was held….").

5. In relation to Simmons' claim the municipal court erroneously excluded exculpatory evidence, see *State v. Shuler*, 353 S.C. 176, 184, 577 S.E.2d 438, 442 (2003) ("The relevance, materiality, and admissibility of evidence are matters within the sound discretion of the trial court and a ruling will be disturbed only upon a showing of an abuse of discretion."); Rule 901(a), SCRE ("The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."). *See also Transp. Ins. Co. & Flagstar Co. v. S.C. Second Injury Fund*, 389 S.C. 422, 432, 699 S.E.2d 687, 692 (2010) (finding an issue abandoned on appeal in part because the party did not cite to any authority to support its argument).

6. As to Simmons' contention the municipal court prejudicially denied her request for a continuance, the municipal court's return stated she did not request a continuance, and even if Simmons had done so, the municipal court judge would not have abused his discretion in denying her motion. *Plyler v. Burns*, 373 S.C. 637, 650, 647 S.E.2d 188, 195 (2007) (citing *Bridwell v. Bridwell*, 279 S.C. 111, 112, 302 S.E.2d 856, 858 (1983)) (stating the decision to grant a motion for a continuance is within the sound discretion of the trial court, and "the denial of a motion for a continuance on the ground that counsel has not had time to prepare is rarely disturbed on appeal"); *State v. Osborne*, 335 S.C. 172, 176 n.6, 516 S.E.2d 201, 203 n.6 (1999) (holding it was error

for the court of appeals to "rely on the recitation of facts contained in an appellate order instead of restricting itself to the facts contained in the magistrate's return").

7. Lastly, in regards to Simmons' argument the cumulative error doctrine should apply to warrant reversal, we find no errors. Assuming, *arguendo*, errors exist, such errors would not be so numerous as to invoke the cumulative error doctrine. *State v. Durant*, 430 S.C. 98, 111 n.6, 844 S.E.2d 49, 55 n.6 (2020) (noting the trial court did not commit any errors and thus, the cumulative error doctrine was not applicable, and moreover, the appellant did not properly preserve the argument because he did not argue that ground to the trial court); *State v. Johnson*, 334 S.C. 78, 93, 512 S.E.2d 795, 803 (1999) (stating the cumulative error doctrine allows reversal when more than one error exists, and collectively, those errors prejudiced the defendant such that the outcome of the trial was affected).

**AFFIRMED.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**